MARTIN J. BRILL (SBN 53220)
JULIET Y. OH (SBN 211414)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: mjb@lnbyb.com, jyo@lnbyb.com, lls@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Kreiss Enterprises, Inc.,<br><br>Debtor[s]. | Case No.: 2:13-bk-21466-NB<br><br>Chapter 11<br><br>**CASE STATUS REPORT**<br><br>Date:  May 21, 2013<br>Time:  11:00 a.m.<br>Place: Courtroom 1545<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |

Instructions.  To the above-captioned debtor(s) (collectively, "Debtor"):

(1) Keep your answers *brief* but informative (use continuation sheets if necessary, numbered to match this report).  Use the latest version of this report (this form was revised 3/29/13).

(2) *Do not use this form* for later status reports, which should include only short updates.

(3) File and serve this report at least ten (10) days before the status conference listed above. Serve it on (a) the Office of the U.S. Trustee ("UST"), (b) all secured creditors, (c) counsel for the official committee of unsecured creditors (or on the committee members if there is no committee

1

counsel, or on the 20 largest unsecured creditors if there is no committee), and (d) any persons requesting special notice.[1]

| **1. OVERVIEW** ||
|---|---|
| Petition date: when was the bankruptcy petition filed? | **4/30/2013** |
| Background. Briefly explain (a) Debtor's business/employment; (b) principal assets/liabilities; and (c) what caused Debtor's bankruptcy (e.g., "Debtor owns a four-unit apartment building worth approx. $_____, 1st deed of trust approx. $_____, 2nd deed of trust approx. $_____. Cash flow is insufficient to service both deeds of trust. Debtor lives in one unit and is employed as building manager."). For information regarding Debtor's real property, Debtor may attach a copy of the Real Property Declaration that Debtor submits to the U.S. Trustee as part of Debtor's 7-day package. | Explain: **See exhibit 1 hereto.** |
| Exit strategy. Briefly explain (a) the principal business, financial and legal issues to be resolved in this case; (b) how Debtor proposes to resolve those issues quickly and cost-effectively (including, *e.g.*, mediation); and (c) Debtor's strategy for exiting bankruptcy? (*E.g.,* "Two of four tenants stopped paying rent and debtor cannot afford current mortgage payments; Debtor plans to complete evictions, obtain paying tenants, and strip off second deed of trust.") | Explain: **See exhibit 1 hereto.** |
| Compliance. (a) Has Debtor filed *all* bankruptcy schedules, the Statement of Financial Affairs ("SOFA"), and *all* documents required by Rules 1007 and 1007-1; (b) has Debtor complied with *all* duties set forth in §§ 521 and 1107; and (c) has Debtor complied with *all* applicable guidelines established by the U.S. Trustee?<br>☐ Yes | ☒ No (explain): **The Debtor is seeking a 2-week extension of the deadline to file its Schedules, Statement and Matrix, through and including May 28, 2013.** |

---

[1] Unless the context suggests otherwise, references to a "Chapter" or "Section" ("§") refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"), a "Rule" means the Federal Rules of Bankruptcy Procedure ("FRBP"), Federal Rules of Civil Procedure ("FRCP"), Federal Rules of Evidence ("FRE"), or Local Bankruptcy Rules ("LBR"), and other terms have meanings provided in the Code and the Rules.

| **2. INDIVIDUAL CHAPTER 11 CASES** ||
|---|---|
| ☒ **Check here and skip this section if Debtor is *not* an individual.** ||
| Stay. If Debtor had a previous bankruptcy case pending within one year, has Debtor **"completed" a hearing to continue the automatic stay within 30 days after this case was filed (and met any other deadlines under § 362(c)(3) or (4) and LBR 4001-2(e))?** *See* **local form F4001-1M.IS.** <br> ☐ **Yes; or** <br> ☐ No, this is Debtor's first case within one year. | ☐ No, other explanation: |
| Documents. Has Debtor filed *all* documents required by § 521(f) (*e.g.,* tax returns) with social security numbers, names of minor children, and other sensitive information blacked out/ hidden (if required by, *e.g.,* § 107, § 112, or Rule 9018)? <br> ☐ Yes | ☐ No (explain): |
| Budget. Judge Bason *requires* the use of local form F2081-1.2.MOTION.BUDGET. Has Debtor filed that motion? <br> ☐ Yes | ☐ No (explain): |

| **3. COMMON "FIRST DAY" MATTERS** ||
|---|---|
| ☐ Almost all Chapter 11 debtors use "cash collateral," have transactions with insiders, and/or have ongoing obligations to utilities, but check here and skip this section if you are *sure* that Debtor (a) does not use cash that any party claims as its cash collateral (§ 363(c)), (b) has no transactions with any insiders (§ 101(31)), and (c) does not need to comply with utility requirements (§ 366). ||
| Cash collateral stipulations. For each stipulation, (a) did Debtor file local form **F4001-2** (disclosures), which Judge Bason *requires* for all cash collateral stipulations, and (b) did the Court approve that stipulation? <br> ☐ Yes, the motion to approve that stipulation is pending (or the Court has approved it, see Order at docket no. __). | ☐ Other explanation: |
| Cash collateral motions. For each creditor who does *not* consent to use of its alleged cash collateral, (a) did Debtor file a motion for use of cash collateral and (b) was that motion granted? <br> ☒ **Yes, that motion is pending (or the Court granted that motion - entry of order is pending).** <br> Note: Judge Bason *requires* the use of local form F2081-1.1.MOTION.CASH.COLLATERAL for individuals, and encourages other entities to use that form. | ☐ Other explanation: |

3

### 3. COMMON "FIRST DAY" MATTERS

☐ Almost all Chapter 11 debtors use "cash collateral," have transactions with insiders, and/or have ongoing obligations to utilities, but check here and skip this section if you are *sure* that Debtor (a) does not use cash that any party claims as its cash collateral (§ 363(c)), (b) has no transactions with any insiders (§ 101(31)), and (c) does not need to comply with utility requirements (§ 366).

| | |
|---|---|
| Insiders. Has Debtor paid any salary or made any other transfers after this case was filed to (a) any insider, (b) any owner, partner, officer, director or shareholder of Debtor, or (c) any relative of an insider (as defined in § 101(31)) (except as permitted per LBR 2014-1)?<br>☒ **No. Notices setting insider compensation were filed for Thomas Kreiss and Loren Kreiss on May 1, 2013. The Debtor will not be paying any insider compensation to the aforementioned individuals until the objection period for the notices has expired (without an objection).** | ☐ Yes (explain) |
| Utilities (§ 366). Did Debtor (1) *file* a utility motion within 20 days after this case was filed and (2) *set it for hearing* within 30 days after this case was filed (to establish security deposits or other assurance of payment)?<br>☒ **Yes** (note: Judge Bason *requires* that iindividuals use local form F2081-1.4.MOTION.UTILITIES; other entities have the option to use that form). | ☐ No (explain): |

### 4. CASH FLOW – PAST and PROJECTED

☒ Check here if Debtor has already disclosed this information, and note the docket number here: **Exhibit 1 to Docket No. 12 is the projected cash flow. Actual cash flow for past six months is being prepared by the Debtor and will be submitted prior to the Status Conference.**

Attach summaries of (a) Debtor's *actual* cash flow for the **six** months before this case was filed and (b) Debtor's *projected* cash flow for the **three** months post-petition, in a readily accessible format such as the following example (note: it generally is necessary to provide a separate accounting of cash flow from *each* property or line of business – the following example assumes a single property with very simple finances). Debtor may use an accrual method if that complies with past practices and generally accepted accounting principles ("GAAP").

| *EXAMPLE:* | Month 1 __/20__ | Month 2 __/20__ | Month 3 __/20__ | Month 4 __/20__ | Month 5 __/20__ | Month 6 __/20__ |
|---|---|---|---|---|---|---|
| **Cash on hand** | | | | | | |
| **Rental income** | | | | | | |
| Unit A | | | | | | |
| Unit B | | | | | | |
| Unit C | | | | | | |
| **Personal Income** | | | | | | |
| **Total** | | | | | | |

| 4. CASH FLOW – PAST and PROJECTED | | | | | | |
|---|---|---|---|---|---|---|
| **Expenses** | | | | | | |
| Adequate Protection Payment | | | | | | |
| Repairs | | | | | | |
| Insurance/Fire/Liability | | | | | | |
| Water | | | | | | |
| Waste | | | | | | |
| Cleaning | | | | | | |
| Maintenance Fee | | | | | | |
| US Trustee Fees | | | | | | |
| Property Taxes | | | | | | |
| **Total Expenses** | | | | | | |
| | | | | | | |
| **Net Income/Loss** | | | | | | |

| 5. LIEN AVOIDANCE | |
|---|---|
| ☒ **Check here and skip this section if Debtor does not contemplate lien stripping/avoidance.** | |
| Lien stripping. Does Debtor intend to avoid any unsecured or under-secured liens under § 506?<br>☐ No | ☐ Yes (explain) (note: for principal residences, Judge Bason *requires* the use of local form F4003-2.4.MOTION): |
| Judicial liens. Does Debtor intend to avoid any judicial liens under § 522(f)?<br>☐ No | ☐ Yes (explain) (note: Judge Bason *requires* the use of local forms F 4003-2.1.MOTION.RP and F4003-2.1.MOTION.PP): |

| 6. PROFESSIONALS | | | |
|---|---|---|---|
| (a) Professionals are *required* by Judge Bason to use local form F2014-1 (statement of disinterestedness**)**.  ☒ **Debtor's attorney(s): check here to acknowledge.**<br>(b) Individuals are *required* (and other persons are encouraged) to use local form F2081-1.5.MOTION.EMPLOYMENT. | | | |
| *Professional's Name* | *Empl. App. Filed* | *Empl. Approved* | *Type of Employment* |
| **Levene, Neale, Bender, Yoo & Brill L.L.P.** | **To be filed.** | | **§§ 327(a) & 330 (General bankruptcy counsel to Debtor).** |
| **SPCI-Promotions, Inc.** | **5/3/2013 (Liquidation Motion)** | **5/8/2013 (At hearing on Liquidation Motion)** | **§§ 327(a) & 328 (Liquidating Agent)** |
| | | | |

| 7. PROPOSED DEADLINES | |
|---|---|
| Proofs of claim. Debtor must *not serve* any bar date notice until directed to do so by written order (the order will be prepared by the Court, not Debtor, and will be issued after the status conference). | **Proposed bar date: 7/31/13** |

| **7. PROPOSED DEADLINES** ||
| Plan of reorganization (or liquidation). Debtor must *not serve* any proposed plan or disclosure statement on any persons until directed to do so by written order (the order will be prepared by the Court, not Debtor, and will be issued at a later time). | **Proposed deadline to file (*not serve*) a proposed plan and disclosure statement: 10/15/13** |

**NOTE: ANSWER ALL APPLICABLE QUESTIONS ON THE ATTACHED PAGES**, which deal with very important but less common issues in Chapter 11 cases (*e.g.,* unexpired leases and contracts, more "first day" matters, consumer information that might be confidential, and cases that might be "single asset real estate" cases, or involve "small businesses," or "health care businesses," or employee benefit plans).

Date: May 10, 2013           Signature of Debtor or attorney: ___*/s/ Lindsey L. Smith*___
                             Type Name: Lindsey L. Smith
                             Title (if applicable): Proposed Attorneys for Debtor in Possession

## ADDITIONAL QUESTIONS

Instructions: The following matters do not apply in every case, but are very important if they apply to your case. Every section must be completed.

| 8. LEASES AND CONTRACTS | |
|---|---|
| ☐ Check here and skip this section if Debtor is *not* a party to any significant unexpired leases or unexpired ("executory") contracts (*e.g.,* if Debtor is either a landlord or a tenant, describe all significant leases) | |
| Lease or contract (describe): **Lease for showroom located at 7770 Girard Avenue, La Jolla, California** | Intention: ☒ reject, ☐ assume, ☐ assume and assign (per § 365), ☐ other (explain): **rejection of lease for showroom located at La Jolla, California was approved by the Court at the emergency hearing held on May 8, 2013 concerning the Debtor's Emergency Motion To Reject Non-Residential Real Property Lease For Showroom Located At La Jolla, California** |
| Lease or contract (describe): **Lease for showroom located at 8619 Melrose Avenue, Los Angeles, California** | Intention: ☐ reject, ☐ assume, ☐ assume and assign (per § 365), ☒ other (explain): **the Debtor is negotiating a global settlement agreement with the landlord of the Melrose location, which will provide for, among other things, the early termination of the lease effective 8/30/2013** |

| 9. ADDITIONAL "FIRST DAY" MATTERS | |
|---|---|
| ☐ Check here and skip this section if there are no "first day" matters (caution: double-check the types of motions listed below and see LBR 2081-1). | |
| Extension. Will Debtor seek more time to file bankruptcy schedules ("Schedules") or Statement of Financial Affairs ("SOFA")? <br> ☐ No (not necessary) | ☒ **Yes (explain): The Debtor will be seeking a 2-week extension of the deadline to file its Schedules, SOFA and Matrix, through and including May 28, 2013.** |
| Notice procedures. Will Debtor seek to limit notice (or establish special noticing procedures)? <br> ☒ **No** | ☐ Yes (explain): |
| Payroll. Does Debtor need to pay prepetition payroll/benefits? *See* Local Form F2081-1.3.MOTION.PAYROLL. <br> ☐ No, debtor does not have employees; or <br> ☐ No, Debtor's employees were fully compensated at the time this case was filed | ☒ **No (explain):** <br> **The Debtor's employees were not fully compensated at the time of the Debtor's bankruptcy filing; however, the Debtor does not intend to seek authority to pay pre-petition payroll/benefits at this time.** |
| Customers. Will Debtor seek authority to honor customer deposits/obligations? <br> ☒ **No** | ☐ Yes (explain) |
| Reclamation claims. Will Debtor seek procedures for handling reclamation claims (including claims under §§ 503(b)(9) & 546(c))? <br> ☒ **No** | ☐ Yes (explain): |
| Omnibus hearings. Will Debtor seek regularly scheduled omnibus hearing dates? <br> ☒ **No** | ☐ Yes (explain): |

| **9. ADDITIONAL "FIRST DAY" MATTERS** ||
|---|---|
| Taxes. Will Debtor seek authority to pay taxes incurred before this case was filed?<br>☒ **No** | ☐ Yes (explain): |
| Sale procedures. Will Debtor seek procedures to sell assets out of the ordinary course of business (*see* LBR 6004-1)?<br>☐ No | ☒ **Yes (explain): The Debtor has sought pursuant to the Liquidation Motion (as that term is defined in Exhibit 1 hereto) to conduct a store closing sale at the LA Showroom. The Court granted the relief sought in the Liquidation Motion subject to certain terms and conditions set forth on the record at the hearing on the Liquidation Motion and subject to the Debtor filing a brief regarding the extent of the exemptions that the Debtor is seeking regarding compliance with state and local statutes, rules, regulations, or ordinances or any license or other requirements for liquidation, or store closing sales or activities related thereto.** |
| Incentive/severance plans. Will Debtor seek to use incentive or severance plans for employees?<br>☒ **No** | ☐ Yes (explain): |
| Joint administration. Will Debtor seek joint administration of this case with another case?<br>☒ **No, there is no related case** | ☐ Other explanation (include all relevant case numbers): |
| Claims/Noticing agent. Will Debtor seek appointment of a claims/noticing agent (*see* local form F5075-1.1)?<br>☒ **No** | ☐ Yes (explain): |
| Confidential information. Will Debtor seek approval of an information access protocol under § 1102(b)(3), or to file documents under seal (*see* LBR 5003-2(c))?<br>☒ **No** | ☐ Yes (explain): |
| Special committees. Are special committees needed (*e.g.,* retirees) (§§ 1102(a)(2), 1114(d)); or, if this is a small business case, should the Court order that no committee be appointed (§ 1102(d))?<br>☒ **No** | ☐ Yes (explain): |

8

| 9. ADDITIONAL "FIRST DAY" MATTERS ||
|---|---|
| DIP financing. Does Debtor contemplate seeking post-petition financing (§ 364)?<br>☐ No | ☒ **Yes (explain): Debtor has sought Court authority to obtain post-petition financing pursuant to the "Debtor's Emergency Motion For Entry Of Order (A) Authorizing Debtor To Use Cash Collateral On An Interim Basis Pending A Final Hearing; (B) Authorizing Debtor To Obtain Post-Petition Financing Secured By A Junior Lien On The Debtor's Assets; and (C) Granting Related Relief (the "<u>DIP Financing Motion</u>"). At the hearing held on the DIP Financing Motion on May 8, 2013, the Court granted the DIP Financing Motion subject to the terms and conditions set forth in the Court's tentative ruling on the DIP Financing Motion.** |
| Cash management. Is Debtor seeking authority to maintain pre-petition bank accounts, or approval of any other cash management system?<br>☒ **No** | ☐ Yes (explain): |
| Other. Does Debtor contemplate any other "first day" motions (whether or not listed in LBR 2081-1) – *e.g.,* a "critical vendor" motion?<br>☐ No | ☒ **Yes (explain): The Debtor filed an Emergency "first day" motion seeking authority to reject a non-residential real property lease for the Debtor's showroom located at La Jolla, California (the "<u>Lease Rejection Motion</u>"). The Lease Rejection Motion was granted by the Court at a hearing held on May 8, 2013.** |

| 10. CONSUMERS' CONFIDENTIAL INFORMATION ||
|---|---|
| ☐ Check here and skip this section if it is *undisputed* that Debtor does *not* have possession, custody, or control of consumers' confidential information (*e.g.,* "personally identifiable information" per § 101(41A)) ||
| Ombudsman. Should a "consumer privacy ombudsman" be appointed (§ 332)?<br>☐ Yes | ☒ **No (explain): A consumer privacy ombudsman is not necessary at this time, as the company does not have any intention to sell or lease personally identifiable information.** |
| Costs. How will Debtor arrange and pay for the maintenance, transfer, or destruction of any such information? | ☐ Explain: |

| 11. SINGLE ASSET REAL ESTATE ("SARE") CASE ||
|---|---|
| ☒ **Check here and skip this section if it is *undisputed* that this is *not* a "single asset real estate" case (§ 101(51B)).** ||
| Interest payments. Has Debtor commenced paying postpetition interest to secured creditor(s) at the non-default interest rate, on the value of their interest in the real estate?<br>☐ Yes<br>☐ No, but Debtor will do so within 90 days after the commencement of this case. | ☐ Other explanation: |

| **11. SINGLE ASSET REAL ESTATE ("SARE") CASE** ||
|---|---|
| <u>Plan</u>.  Has Debtor filed "a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time" within the meaning of § 362(d)(3)?<br>☐ Yes<br>☐ No, but Debtor will do so within 90 days after the commencement of this case. | ☐ Other explanation: |

| **12. SMALL BUSINESS** ||
|---|---|
| ☒ **Check here and skip this section if it is *undisputed* that Debtor is *not* a "small business debtor" (§ 101(51D)).** ||
| <u>Duties</u>.  Has Debtor complied with *all* the duties in § 1116 (including but not limited to maintaining adequate insurance and filing its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return)?<br>☐ Yes | ☐ No (explain): |
| <u>Inspection</u>.  Has the United States Trustee inspected Debtor's books, records and business premises (per § 1116(7))?<br>☐ Yes | ☐ No (explain): |
| <u>Interview</u>.  Has Debtor completed the "initial debtor interview" with the United States Trustee (28 U.S.C. § 586(a)(7))?<br>☐ Yes | ☐ No (explain): |
| <u>Reports</u>.  What schedule does Debtor propose for filing the "periodic financial and other reports" required by § 308 (*e.g.,* monthly with MORs)? | ☐ Monthly<br>☐ Other (explain): |
| <u>Stay</u>.  Is the automatic stay applicable? *See* § 362(n)(1) (which might eliminate the automatic stay if Debtor was previously a small business debtor, or acquired substantially all of the assets or business of a small business debtor)?<br>☐ Yes, the automatic stay applies. | ☐ No, the automatic stay does not apply, but Debtor will seek relief under § 362(n)(2).<br>☐ Yes, other explanation: |

| **13. HEALTH CARE BUSINESS** ||
|---|---|
| ☒ **Check here and skip this section if it is *undisputed* that Debtor is *not* a "health care business" (§ 101(27A)).** ||
| <u>Ombudsman</u>.  Is appointment of a patient care ombudsman required (§ 333)?<br>☐ No | ☐ Yes (explain): |
| <u>Costs</u>.  How will Debtor arrange and pay for proper care or transfer of any patients, in the event that Debtor's health care business is closed (*see* § 704(a)(12), incorporated by § 1106(a)(1))? | ☐ Explain: |

| **14. EMPLOYEE BENEFIT PLANS** ||
|---|---|
| ☐ Check here and skip this section if there is no employee benefit plan (per § 704(a)(11), incorporated by § 1106(a)(1))? ||
| <u>Duties</u>.  Was Debtor, or any entity designated by Debtor, an "administrator" of such a plan as of the commencement of this case?<br>☐ No | ☒ **Yes (explain): 401 K Plan and Health Insurance Plan** |
| <u>Compliance</u>.  What steps will Debtor take to continue to administer such plan (§§ 521(a)(7), 704(a)(11), & 1106(a)(1))? | ☒ **Explain: The Debtor does intend to continue to administer its 401K and the Debtor intends to terminate coverage under the Health Insurance Plan within the next 60 days.** |

# **EXHIBIT 1**

**Background**

**(a).**  The Debtor is a fourth generation family owned company, which was founded in 1939 by Murray Kreiss and which initially imported novelty items from Japan. The Debtor's first showroom was opened by Murray's son, Norman, and his wife, Eileen, in West Hollywood in 1966, importing furniture from Italy, Spain, China and Thailand. In 1972, the Debtor started making its own furniture and initiated in-house manufacturing and upholstery operations. The Debtor introduced the "California Look," a timeless blend of traditional elegance with casual comfort and relaxed accessibility. Today, many simply refer to the Debtor's style as the "Kreiss Look." In 1976, the Debtor launched Kreiss Design, an interior design business, which has since completed more than 5,000 projects for a long list of celebrities and international luminaries, including Ronald Reagan, Frank Sinatra, Bruce Springsteen, Janet Jackson, Magic Johnson and Michael Jordan. The Debtor continues to maintain a sophisticated and loyal base of customers.

The management of the Debtor was eventually passed to Norman and Eileen's three sons, Michael, Robert and Thomas Kreiss. Currently, Thomas Kreiss is the Chairman and Chief Executive Officer (CEO) of the Debtor.

Beginning in the 1990s, the Debtor implemented an expansion strategy, shifting its thriving furniture and design business beyond design centers and into retail locations. At its peak, in 2005, the Debtor had 24 showrooms throughout the United States and generated annual revenues of $43 million.

**(b).**  The primary assets of the Debtor are its inventory, its business and office equipment, its real property lease for its showroom located at 8619 Melrose Avenue, Los Angeles, California 90069 (the "LA Showroom"), its customer lists and the goodwill associated with the "Kreiss" name. The Debtor believes that the value of its inventory alone is in excess of $960,000 (at cost).

The Debtor's principal liabilities are the Debtors tax debt to the Internal Revenue Service and unsecured debts owing to the Debtor's former and current landlords and to the Debtor's customers who placed orders prior to the Petition Date.

**(c).** The economic downturn in 2008 had a dramatic effect on the Debtor's business, causing management to close the less profitable showroom locations. By the end of 2010, the Debtor had closed eight of its showrooms. In 2011, Norman Kreiss died, and Michael Kreiss succeeded him as the CEO of the Debtor. Less than a year later, Michael Kreiss died, and Thomas Kreiss succeeded him as the CEO of the Debtor. In 2011 and 2012, the Debtor closed an additional seven showrooms, and also downsized and relocated its corporate headquarters from San Diego to Beverly Hills. As of the Petition Date, the Debtor had closed all but its marquee showroom – the LA Showroom.

Although the Debtor has made significant efforts over the past two years to streamline its operations and reduce operating expenses, both at the corporate overhead level and at the store level, and has attempted to further lower costs (while maintaining or improving the quality of its products) by using new suppliers for the manufacturing of its furniture, given the current state of the economy and its impact on consumer spending, particularly for goods such as furniture, the Debtor has not been able to generate the revenues necessary to sustain its operations. To address the cash flow problems that the Debtor has faced over the last two years and enable the Debtor to continue operating, the Debtor's principals (who are members of the Kreiss family) have made significant contributions personally to the Debtor and its business.

Recently, the Debtor's cash flow problems have been exacerbated by the fact that the Debtor's credit card processors have refused to turn over any of the proceeds of the Debtor's credit card sales (which represent the vast majority of the Debtor's sales). Due to the Debtor's continuing cash flow difficulties, the Debtor has been unable to remain current on its rent obligations to its landlords. As a result, on or immediately prior to the Petition Date, the Debtor vacated its showroom locations in West Palm Beach, Florida, Miami, Florida, Scottsdale, Arizona, Newport Beach, California, and La Jolla, California, and transferred the inventory located at certain of those showrooms to the Debtor's LA Showroom. The Debtor intends to continue operating from its LA Showroom, and is in the process of negotiating a settlement with the landlord of that location.

///

///

**Exit Strategy**

As noted above, prior to the Petition Date, the Debtor closed its unprofitable showroom locations in, among other places, West Palm Beach, Florida, Miami, Florida, Scottsdale, Arizona, Newport Beach, California, and La Jolla, California. All of the Debtor's inventory from the Newport Beach, La Jolla and Scottsdale showrooms have been transferred to the Debtor's LA Showroom. The Debtor is currently in the process of determining whether it would be better for the estate to transfer the inventory in the Debtor's West Palm beach and Miami showrooms to the LA Showroom or to sell such inventory to a liquidator (or through a retailer) located in Florida.

As a result of the showroom closures and transfer of inventory, the Debtor is currently holding an enormous amount of inventory in its LA Showroom and in local storage. As of the Petition Date, the Debtor had inventory with a total value (at cost) of $963,191.70, the majority of which is being maintained at the Debtor's LA Showroom and in local storage.

Through its bankruptcy case, the Debtor intends to, with the assistance of SPI-Promotions, Inc., conduct a store closing sale at the LA Showroom ("Store Closing Sale") which maximizes the value of the Debtor's inventory and ensures that the most sales revenue possible will be generated, which will, in turn, enable the Debtor to formulate and pursue confirmation of a plan of reorganization which allows the Debtor to restructure its existing debt in a cohesive and efficient manner while continuing to operate its business under the longstanding and well-respected "Kreiss" name. To that end on or about May 3, 2013, the Debtor filed that certain *"Emergency motion By Debtor For an Order: (A) Authorizing Store Closing Sale, Free and Clear of All Liens, Claims, and Encumbrances Pursuant To Bankruptcy Code Sections 363(b) and (f); and (B) Authorizing The Retention of SPCI-Promotions, Inc. as Liquidating Agent and Approving The Consulting and Service Agreement Between The Debtor and SPCI--Promotions, Inc."* (the "Liquidation Motion"). The Court granted the Liquidation Motion at a hearing held on May 8, 2013 subject to the terms and conditions set forth on the record at the hearing and subject to the filing of a brief by the Debtor regarding the extent of the exemptions that the Debtor is seeking regarding compliance with state and local statutes, rules,

regulations, or ordinances or any license or other requirements for liquidation, or store closing sales or activities related thereto.

The Debtor anticipates that the Store Closing Sale will commence immediately and proceed through and including August 31, 2013 (when the Debtor intends to vacate and surrender possession of the LA Showroom to its landlord).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **CASE STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 10, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Joseph M Adams     jadams@lawjma.com
- Martin J Brill     mjb@lnbrb.com
- Eric J Fromme     efromme@rutan.com
- Paul T Johnson     ptj@paultjohnson.com, admin@ptjlaw.com;desiree@ptjlaw.com
- Mary D Lane     mal@msk.com, mec@msk.com
- Dare Law     dare.law@usdoj.gov
- Susan I Montgomery     susan@simontgomerylaw.com
- Juliet Y Oh     jyo@lnbrb.com, jyo@lnbrb.com
- Kristen N Pate     ggpbk@ggp.com
- Tina M Pivonka     tpivonka@mulvaneybarry.com, ihector@mulvaneybarry.com
- Lindsey L Smith     lls@lnbyb.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **May 10, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 10, 2013**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served by Personal Attorney Service*
The Hon. Neil W. Bason
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1552 / Courtroom 1545
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 10, 2013 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**

Kreiss Enterprises, Inc.
OUST, Top 20, Secured,
Landlord, Utilities

Office of the U.S. Trustee
Dare Law
725 S Figueroa St., 26th Fl.
Los Angeles, CA 90017

IRS/OHIO
ATTN: MANAGING OFFICER/GENERAL AGENT
P.O. BOX 145595
CINCINNATI, OH 45250

MEHITABEL INC.
ATTN: MANAGING OFFICER/GENERAL AGENT
PO BOX 331
CEBU, CE 6000

SPCI-PROMOTIONS, INC
ATTN: MANAGING OFFICER/GENERAL AGENT
3650 S YOSEMITE ST, STE 408
DENVER, CO 80237

AJA RUGS, INC.
ATTN: MANAGING OFFICER/GENERAL AGENT
955 PROSPECT
LA JOLLA, CA 92037

CAMINO SANTA FE INVESTMENT LLC
ATTN: MANAGING OFFICER/GENERAL AGENT
6749 TOP GUN ST STE 104
SAN DIEGO, CA 92121

CROCKER DOWNTOWN DEVELOPMENT
ATTN: MANAGING OFFICER/GENERAL AGENT
SDS 12-2563, PO BOX 86
MINNEAPOLIS, MN 55486-2563

Karl Swanson
101 International Way
MISSOULA, MT 59808-6630

ENKEBOLL, INC
ATTN: MANAGING OFFICER/GENERAL AGENT
16506 AVALON BLVD
CARSON, CA 90746

GAINEY VILLAGE RETAIL CENTER
ATTN: MANAGING OFFICER/GENERAL AGENT
PO BOX 310290
DES MOINES, IA 50331-0290

GARY & JONI KAWAGUCHI
911 ANACAPA
Irvine, CA 92602

JUAN JOSE DANZOS
Marso Home Collection
7509 Girard Avenue
La Jolla, CA 92037

LDC PARTNERS
ATTN: MANAGING OFFICER/GENERAL AGENT
UNIT F, DEPT LA 23329
PASADENA, CA 91185-3329

LDC PARTNERS
ATTN: MANAGING OFFICER/GENERAL AGENT
1260 E. GRAND AVENUE
POMONA, CA 91766

MARK & ERIKA KIESEL/LOWE
22 CHERRY HILLS LANE
NEWPORT BEACH, CA 92660

MARK ONO
31018 MARNE DRIVE
RANCHO PALOS VERDES, CA 90275

MEHITABEL INCORPORATED
ATTN: MANAGING OFFICER/GENERAL AGENT
PLANT 1 - SANSON ROAD, LAHUG
CEBU CITY 6000, PHILIPPINES

MERCATO LLP
ATTN: MANAGING OFFICER/GENERAL AGENT
NW 584319, PO BOX 1450
MINEAPOLIS, MN 55485-5843

PENN RESIDENCE
ATTN: MANAGING OFFICER/GENERAL AGENT
1580 STONE CANYON
LOS ANGELES, CA 90077

RC FURNITURE
ATTN: MANAGING OFFICER/GENERAL AGENT
1111 S. JELLICK AVENUE
INDUSTRY, CA 91748

RICHARD MACDONALD
16 LOWER RAGSDALE DRIVE
MONTEREY, CA 93940

ROBERT J. GOWING
1707 LAKE ARBOR DR
EL LAGO, TX 77586

TORREY PINES PROP. MANAGEMENT
7858 IVANHOE AVENUE
LA JOLLA, CA 92037

TSLV LLC
ATTN: MANAGING OFFICER/GENERAL AGENT
25567 NETWORK PLACE
CHICAGO, IL 60673-1255

WMCV PHASE 3 LLC
C/O BANK OF AMERICA, FILE 749026
LOS ANGELES, CA 90074-9026

7764-7770 Girard Avenue, LLC
c/o Torrey Pines Property Mgmt.
7858 Ivanhoe Avenue
La Jolla, CA 92037

MEHITABEL INCORPORATED
c/o MARIA BOOTH
BOOTH LAW OFFICE
P.O. BOX 4423
PARK CITY, UT 84067

| | | |
|---|---|---|
| Sep Melamed, President<br>Prime Properties<br>9401 Wilshire Blvd., #830<br>Beverly Hills, CA 90212 | Attorney General of the State of CA<br>Consumer Law Section<br>Attn: Bankruptcy Notices<br>California Attorney General's Office<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004 | IRS<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| MARGE CARSON INC.<br>1260 E. GRAND AVENUE<br>POMONA, CA 91766 | Southern California Edison Company<br>PO Box 300<br>Rosemead, CA  91772-0001 | Athens Services<br>PO Box 60009<br>City of Industry, CA  91716 |
| Southern California Gas Company<br>PO Box C<br>Monterey Park, CA  91756-5111 | AT&T<br>Payment Center<br>Sacramento, CA  95887-0001 | ACC Business<br>PO Box 105306<br>Atlanta, GA  30348-5306 |
| DSL Extreme<br>21540 Plummer Street, Suite A<br>Chatsworth, CA  91311 | Southern California Gas Company<br>Attn :Jennifer F. Jett (Agent)<br>101 Ash Street<br>San Diego, CA 92101 | Southern California Edison Company<br>Attn: Christina E. Limon (Agent)<br>2244 Walnut Grove Avenue<br>Rosemead, CA 91770 |
| LA Dept. of Water & Power<br>PO Box 30808<br>Los Angeles, CA  90030-0808 | DSL Extreme<br>Attn: George Mitsopoulos (Agent)<br>21540 Plummer Street, Suite A<br>Chatsworth, CA 91311 | AT&T Corp.<br>Attn: CT Corporation System (Agent)<br>818 W Seventh Street<br>Los Angeles, CA 90017 |
| Athens Services<br> Attn: CEO<br> 14048 E. Valley Blvd.<br> City of Industry, CA 91746 | LA Dept. of Water & Power<br>Attn: Ron Nichols, General Manager<br>111 N Hope Street<br>Los Angeles, CA 90012 | LA Dept. of Water & Power<br>Attn: Phil Leiber, CFO<br>111 N Hope Street<br>Los Angeles, CA 90012 |
| ACC Business<br> Attn: John Baker, President & CEO<br> 400 West Avenue<br> Rochester, NY 14611 | LA Dept. of Water & Power<br>Attn: CEO<br>111 N Hope Street<br>Los Angeles, CA 90012 | |