MARTIN J. BRILL (SBN 53220)
JULIET Y. OH (SBN 211414)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: mjb@lnbyb.com, jyo@lnbyb.com, lls@lnbyb.com

Attorneys for Chapter 11 Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Kreiss Enterprises, Inc.,<br><br>                                    Debtor. | Case No.: 2:13-bk-21466-NB<br><br>Chapter 11<br><br>**THIRD CASE STATUS REPORT; DECLARATION OF THOMAS KREISS**<br><br>Date: July 30, 2013<br>Time: 11:00 a.m.<br>Place: Courtroom 1545<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

Kreiss Enterprises, Inc., the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), hereby submits this *Third Case Status Report* to update the Court on the events that have transpired in this case since the initial status conference held on May 21, 2013, as follows:

**Background**

1.     The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on April 30, 2013 (the "Petition Date"). The Debtor continues to operate its business, manage its financial affairs and operate its

bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Court held the initial status conference in the Debtor's case on May 21, 2013 (the "First Status Conference") and scheduled a continued status conference on July 3, 2013 (the "Second Status Conference"). Pursuant to the Court's tentative ruling for the Second Status Conference, appearances at the Second Status Conference were waived. On July 10, 2013, the Court entered an order setting a continued status conference in the Debtor's case on July 30, 2013.

**Compliance Matters**

3. After the First Status Conference, the Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs on May 28, 2013. Additionally, on June 6, 2013, the Debtor attended its Initial Debtor Interview with the Office of the United States Trustee. Thereafter, on June 7, 2013, the Debtor attended its Section 341(a) meeting of creditors.

**Store Closing Sale**

4. Following the First Status Conference, the Debtor began conducting a store closing sale at its showroom in Los Angeles in accordance with that certain *"Order Re: Emergency Motion by Debtor for an Order: (A) Authorizing Store Closing Sale, Free and Clear of All Liens, Claims, and Encumbrances Pursuant to Bankruptcy Code Sections 363(b) and (f); and (B) Authorizing the Retention of SPCI-Promotions, Inc. as Liquidating Agent and Approving the Consulting and Service Agreement Between the Debtor and SPCI-Promotions, Inc."* entered by the Court on May 29, 2013.

5. The Debtor is continuing to conduct the store closing sale at its Los Angeles showroom, with the assistance of SPCI-Promotions, Inc., and anticipates conducting such store closing sale through August 31, 2013.

**Case Administration**

6. On May 16, 2013, the Debtor filed an application (the "Application") to employ Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") as the Debtor's general bankruptcy counsel. Although no opposition was filed to the Application, the Court entered an order on or

2

about June 10, 2013 setting a hearing on the Application for July 9, 2013 so that the Debtor and LNBYB could address certain issues raised by the Court relating to the Application. After the entry of the aforementioned order, the Debtor filed a supplement to the Application (the "Supplement") to address the issues raised by the Court. Upon consideration of the Application and the Supplement, the Court vacated the hearing on the Application scheduled on July 9, 2013 and entered an order on July 12, 2013 approving the Application.

7. On May 1, 2013, the Debtor served on the United States Trustee and certain creditors Notices of Insider Compensation for Thomas J. Kreiss and Loren Kreiss (the "Notices of Insider Comp"). Thereafter, on May 14, 2013, Electronic Cash Systems, a division of US Alliance Group and CardFlex, Inc. (collectively, "CardFlex") filed its objection to the Notices of Insider Comp (the "Objection"). After the filing of the Objection, the Debtor and CardFlex engaged in settlement discussions, which resulted in a settlement of the Objection to the Notices of Insider Comp filed by CardFlex and other disputes between the parties. The foregoing settlement was memorialized in that certain *"Stipulation Between Debtor, On The One Hand, And Electronic Cash Systems And CardFlex, Inc., On The Other Hand, For Relief From Stay, Assumption Or Rejection Of Merchant Processing Agreements And Resolving Objection To Insider Compensation"* (the "CardFlex Stipulation"), which was filed with the Court on June 4, 2013. An order approving the CardFlex Stipulation was entered by the Court on July 3, 2013.

8. On or about May 31, 2013, the Debtor entered into that certain *"Stipulation Between Debtor And American West Worldwide Express, Inc. Regarding Payment Of Secured Claims and Release Of Inventory"* (the "American West Stipulation"). The American West Stipulation resolved the Debtor's dispute with American West Worldwide Express, Inc. ("American West") concerning American West's pre-petition warehouseman's and storage lien claims for unpaid shipping and storage costs owed by the Debtor to American West, American West's claim for post-petition storage and audit service costs and the release of the Debtor's inventory from the storage facility. A motion to approve the American West Stipulation was filed with the Court on June 4, 2013. An order granting such motion and approving the American West Stipulation was entered by the

Court on June 26, 2013. The Debtor and American West have implemented the American West Stipulation in accordance with the terms set forth therein.

9. Additionally, on or about May 30, 2013, the Debtor entered into that certain *Settlement Agreement And General Mutual Release* (the "Settlement Agreement") by and among the Debtor, Robert J. Gowing, the landlord (the "Landlord") under the Debtor's lease (the "Lease") for the premises located at 8619 Melrose Avenue, Los Angeles, California 90069 (the "LA Showroom"), and Thomas Kreiss and Robert Kreiss, alleged guarantors of the Debtor's obligations under the Lease for the LA Showroom. The Settlement Agreement resolves the various disputes by and among the Debtor, the Landlord, Thomas Kreiss and Robert Kreiss relating to and/or arising from the Lease for the LA Showroom. On June 5, 2013, the Debtor filed a motion seeking Court approval of the Settlement Agreement and seeking a Court order authorizing the Debtor to reject and terminate the Lease, effective as of August 31, 2013 (immediately following the conclusion of the Debtor's store closing sale at the LA Showroom) (the "Landlord Motion"). An order granting the Landlord Motion and approving the Settlement Agreement was entered by the Court on June 26, 2013.

**Claims Bar Date**

10. On May 28, 2013, the Court entered that certain *"Order Setting Bar Date: July 31, 2013 And Direct Service By Debtor"* (the "Bar Date Order"), pursuant to which the Court established July 31, 2013 at the bar date for filing pre-petition proofs of claim and interest in the Debtor's case (the "Bar Date"). On May 29, 2013, in accordance with the Bar Date Order, the Debtor served a copy of the Bar Date Order on all required parties.

**Appointment of Creditors' Committee**

11. On July 16, 2013, the Office of the United States Trustee filed a Notice of Appointment and Appointment of Committee of Creditors Holding Unsecured Claims. The Official Committee of Unsecured Creditors is made up of the following five members: (i) Masatoshi One, (ii) RC Furniture Inc., (iii) 7764/7770 Girard Ave., LLC, (iv) Enkeboll, Inc. and (v) Elpaseo Enterprises, LLC.

///

**DIP Financing And Cash Collateral Use**

12. On May 3, 2013, the Debtor filed that certain "*Debtor's Emergency Motion For Entry Of Order (A) Authorizing Debtor To Use Cash Collateral On An Interim Basis Pending A Final Hearing; (B) Authorizing Debtor To Obtain Post-Petition Financing Secured By A Junior Lien On The Debtor's Assets; And (C) Granting Related Relief*" (the "Cash Collateral/Financing Motion"), pursuant to which the Debtor sought an order, among other things, authorizing the Debtor to use cash collateral in accordance with the Debtor's 13-week operating budget submitted therewith (the "Budget") and authorizing the Debtor to obtain post-petition financing in an amount up to $200,000 (the "DIP Loan") from one of the Debtor's shareholders, Robert Kreiss, to cover operating shortfalls as reflected in the Budget, with the DIP Loan to be secured by a junior lien against the Debtor's assets. The Court entered an order granting the Cash Collateral/Financing Motion on an interim basis on May 13, 2013, and entered an order granting the Cash Collateral/Financing Motion on a final basis on July 16, 2013.

13. In accordance with the Court's orders granting the Cash Collateral/Financing Motion, the Debtor received the DIP Loan, in the amount of $200,000, from Robert Kreiss.

14. Pursuant to the orders granting the Cash Collateral/Financing Motion, the Debtor's authority to use cash collateral will expire on or about August 11, 2013. The Debtor intends to file a motion on or before July 23, 2013 for an order authorizing the Debtor to continue using cash collateral in accordance with an operating budget to be submitted therewith, so that the hearing on such motion may be held on August 13, 2013.

**Proposed New Lease**

15. The Debtor has recently identified a new showroom location (the "New Location"), to which it wishes to relocate and operate business after the conclusion of the store closing sale at the LA Showroom and the termination of the Lease for the LA Showroom on August 31, 2013. The proposed lease for the New Location is anticipated to operate on a month-to-month basis, with the rent payment for the New Location to be $25,000 per month, which is approximately one-third of the rent rate payable under the Lease and approximately one-half of the reduced rental rate currently being paid by the Debtor pursuant to the Settlement Agreement

1 with the Landlord. The Debtor intends to file a motion seeking an order of the Court authorizing

2 the Debtor to enter into a month to month sublease for the New Location shortly.

3 Dated: July __, 2013                           KREISS ENTERPRISES, INC.

By:  */s/ Lindsey L. Smith*
    MARTIN J. BRILL
    JULIET Y. OH
    LINDSEY L. SMITH
LEVENE, NEALE, BENDER, YOO
  & BRILL L.L.P.
Attorneys for Chapter 11 Debtor and Debtor in Possession

# **DECLARATION OF THOMAS KREISS**

I, Thomas Kreiss, hereby declare as follows:

1.  I am over 18 years of age. I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2.  I am the Chairman of the Board and Chief Executive Officer of Kreiss Enterprises, Inc., a California corporation, the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), and am therefore familiar with the business operations and financial books and records of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

3.  The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on April 30, 2013 (the "Petition Date"). The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.  The Court held the initial status conference in the Debtor's case on May 21, 2013 (the "First Status Conference") and scheduled a continued status conference on July 3, 2013 (the "Second Status Conference"). Pursuant to the Court's tentative ruling for the Second Status Conference, appearances at the Second Status Conference were waived. On July 10, 2013, the Court entered an order setting a continued status conference in the Debtor's case on July 30, 2013.

5.  After the First Status Conference, the Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs on May 28, 2013. Additionally, on June 6, 2013, the Debtor attended its Initial Debtor Interview with the Office of the United States Trustee. Thereafter, on June 7, 2013, the Debtor attended its Section 341(a) meeting of creditors.

6.  Following the First Status Conference, the Debtor began conducting a store closing sale at its showroom in Los Angeles in accordance with that certain "*Order Re: Emergency Motion by Debtor for an Order: (A) Authorizing Store Closing Sale, Free and Clear of All Liens, Claims, and Encumbrances Pursuant to Bankruptcy Code Sections 363(b) and (f); and (B) Authorizing the Retention of SPCI-Promotions, Inc. as Liquidating Agent and Approving the Consulting and*

*Service Agreement Between the Debtor and SPCI-Promotions, Inc."* entered by the Court on May 29, 2013.

7.  The Debtor is continuing to conduct the store closing sale at its Los Angeles showroom, with the assistance of SPCI-Promotions, Inc., and anticipates conducting such store closing sale through August 31, 2013.

8.  On May 16, 2013, the Debtor filed an application (the "Application") to employ Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") as the Debtor's general bankruptcy counsel. Although no opposition was filed to the Application, the Court entered an order on or about June 10, 2013 setting a hearing on the Application for July 9, 2013 so that the Debtor and LNBYB could address certain issues raised by the Court relating to the Application. After the entry of the aforementioned order, the Debtor filed a supplement to the Application (the "Supplement") to address the issues raised by the Court. Upon consideration of the Application and the Supplement, the Court vacated the hearing on the Application scheduled on July 9, 2013 and entered an order on July 12, 2013 approving the Application.

9.  On May 1, 2013, the Debtor served on the United States Trustee and certain creditors Notices of Insider Compensation for me and Loren Kreiss (the "Notices of Insider Comp"). Thereafter, on May 14, 2013, Electronic Cash Systems, a division of US Alliance Group and CardFlex, Inc. (collectively, "CardFlex") filed its objection to the Notices of Insider Comp (the "Objection"). After the filing of the Objection, the Debtor and CardFlex engaged in settlement discussions, which resulted in a settlement of the Objection to the Notices of Insider Comp filed by CardFlex and other disputes between the parties. The foregoing settlement was memorialized in that certain *"Stipulation Between Debtor, On The One Hand, And Electronic Cash Systems And CardFlex, Inc., On The Other Hand, For Relief From Stay, Assumption Or Rejection Of Merchant Processing Agreements And Resolving Objection To Insider Compensation"* (the "CardFlex Stipulation"), which was filed with the Court on June 4, 2013. An order approving the CardFlex Stipulation was entered by the Court on July 3, 2013.

10. On or about May 31, 2013, the Debtor entered into that certain *"Stipulation Between Debtor And American West Worldwide Express, Inc. Regarding Payment Of Secured Claims and*

*Release Of Inventory"* (the "American West Stipulation"). The American West Stipulation resolved the Debtor's dispute with American West Worldwide Express, Inc. ("American West") concerning American West's pre-petition warehouseman's and storage lien claims for unpaid shipping and storage costs owed by the Debtor to American West, American West's claim for post-petition storage and audit service costs and the release of the Debtor's inventory from the storage facility. A motion to approve the American West Stipulation was filed with the Court on June 4, 2013. An order granting such motion and approving the American West Stipulation was entered by the Court on June 26, 2013. The Debtor and American West have implemented the American West Stipulation in accordance with the terms set forth therein.

11. Additionally, on or about May 30, 2013, the Debtor entered into that certain *Settlement Agreement And General Mutual Release* (the "Settlement Agreement") by and among the Debtor, Robert J. Gowing, the landlord (the "Landlord") under the Debtor's lease (the "Lease") for the premises located at 8619 Melrose Avenue, Los Angeles, California 90069 (the "LA Showroom"), and me and Robert Kreiss, alleged guarantors of the Debtor's obligations under the Lease for the LA Showroom. The Settlement Agreement resolves the various disputes by and among the Debtor, the Landlord, Robert Kreiss and myself relating to and/or arising from the Lease for the LA Showroom. On June 5, 2013, the Debtor filed a motion seeking Court approval of the Settlement Agreement and seeking a Court order authorizing the Debtor to reject and terminate the Lease, effective as of August 31, 2013 (immediately following the conclusion of the Debtor's store closing sale at the LA Showroom) (the "Landlord Motion"). An order granting the Landlord Motion and approving the Settlement Agreement was entered by the Court on June 26, 2013.

12. On May 28, 2013, the Court entered that certain *"Order Setting Bar Date: July 31, 2013 And Direct Service By Debtor"* (the "Bar Date Order"), pursuant to which the Court established July 31, 2013 at the bar date for filing pre-petition proofs of claim and interest in the Debtor's case (the "Bar Date"). On May 29, 2013, in accordance with the Bar Date Order, the Debtor served a copy of the Bar Date Order on all required parties.

13. On July 16, 2013, the Office of the United States Trustee filed a Notice of Appointment and Appointment of Committee of Creditors Holding Unsecured Claims. The

9

Official Committee of Unsecured Creditors is made up of the following five members: (i) Masatoshi One, (ii) RC Furniture Inc., (iii) 7764/7770 Girard Ave., LLC, (iv) Enkeboll, Inc. and (v) Elpaseo Enterprises, LLC.

14. On May 3, 2013, the Debtor filed that certain "*Debtor's Emergency Motion For Entry Of Order (A) Authorizing Debtor To Use Cash Collateral On An Interim Basis Pending A Final Hearing; (B) Authorizing Debtor To Obtain Post-Petition Financing Secured By A Junior Lien On The Debtor's Assets; And (C) Granting Related Relief*" (the "Cash Collateral/Financing Motion"), pursuant to which the Debtor sought an order, among other things, authorizing the Debtor to use cash collateral in accordance with the Debtor's 13-week operating budget submitted therewith (the "Budget") and authorizing the Debtor to obtain post-petition financing in an amount up to $200,000 (the "DIP Loan") from one of the Debtor's shareholders, Robert Kreiss, to cover operating shortfalls as reflected in the Budget, with the DIP Loan to be secured by a junior lien against the Debtor's assets. The Court entered an order granting the Cash Collateral/Financing Motion on an interim basis on May 13, 2013, and entered an order granting the Cash Collateral/Financing Motion on a final basis on July 16, 2013.

15. In accordance with the Court's orders granting the Cash Collateral/Financing Motion, the Debtor received the DIP Loan, in the amount of $200,000, from Robert Kreiss.

16. Pursuant to the orders granting the Cash Collateral/Financing Motion, the Debtor's authority to use cash collateral will expire on or about August 11, 2013. The Debtor intends to file a motion on or before July 23, 2013 for an order authorizing the Debtor to continue using cash collateral in accordance with an operating budget to be submitted therewith, so that the hearing on such motion may be held on August 13, 2013.

///
///
///
///
///
///

17. The Debtor has recently identified a new showroom location (the "New Location"), to which it wishes to relocate and operate business after the conclusion of the store closing sale at the LA Showroom and the termination of the Lease for the LA Showroom on August 31, 2013. The proposed lease for the New Location is anticipated to operate on a month-to-month basis, with the rent payment for the New Location to be $25,000 per month, which is approximately one-third of the rent rate payable under the Lease and approximately one-half of the reduced rental rate currently being paid by the Debtor pursuant to the Settlement Agreement with the Landlord. The Debtor intends to file a motion seeking an order of the Court authorizing the Debtor to enter into a month to month sublease for the New Location shortly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __19th__ day of July, 2013, at Los Angeles, California.

_____
THOMAS KREISS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **THIRD CASE STATUS REPORT; DECLARATION OF THOMAS KREISS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 19, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Joseph M Adams    jadams@lawjma.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com
- Martin J Brill    mjb@lnbrb.com
- Eric J Fromme    efromme@rutan.com
- Marian Garza    ecfnotices@ascensioncapitalgroup.com
- Ed J Gezel    Notices@bkservicing.com
- Paul T Johnson    ptj@paultjohnson.com, admin@ptjlaw.com;desiree@ptjlaw.com
- Mary D Lane    mal@msk.com, mec@msk.com
- Dare Law    dare.law@usdoj.gov, hatty.yip@usdoj.gov
- Susan I Montgomery    susan@simontgomerylaw.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Kristen N Pate    ggpbk@ggp.com
- Tina M Pivonka    tpivonka@mulvaneybarry.com, ihector@mulvaneybarry.com
- Lindsey L Smith    lls@lnbyb.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **July 19, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 19, 2013**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served by Personal Delivery via Attorney Service*
The Hon. Neil W. Bason
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1552 / Courtroom 1545
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 19, 2013 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Kreiss Enterprises, Inc.
OUST, Top 20, Secured, Landlord

Office of the U.S. Trustee
Dare Law
725 S Figueroa St., 26th Fl.
Los Angeles, CA 90017

IRS/OHIO
ATTN: MANAGING OFFICER/GENERAL AGENT
P.O. BOX 145595
CINCINNATI, OH 45250

MEHITABEL INC.
ATTN: MANAGING OFFICER/GENERAL AGENT
PO BOX 331
CEBU, CE 6000

SPCI-PROMOTIONS, INC
ATTN: MANAGING OFFICER/GENERAL AGENT
3650 S YOSEMITE ST, STE 408
DENVER, CO 80237

AJA RUGS, INC.
ATTN: MANAGING OFFICER/GENERAL AGENT
955 PROSPECT
LA JOLLA, CA 92037

CAMINO SANTA FE INVESTMENT LLC
ATTN: MANAGING OFFICER/GENERAL AGENT
6749 TOP GUN ST STE 104
SAN DIEGO, CA 92121

CROCKER DOWNTOWN DEVELOPMENT
ATTN: MANAGING OFFICER/GENERAL AGENT
SDS 12-2563, PO BOX 86
MINNEAPOLIS, MN 55486-2563

Karl Swanson
101 International Way
MISSOULA, MT 59808-6630

ENKEBOLL, INC
ATTN: MANAGING OFFICER/GENERAL AGENT
16506 AVALON BLVD
CARSON, CA 90746

GAINEY VILLAGE RETAIL CENTER
ATTN: MANAGING OFFICER/GENERAL AGENT
PO BOX 310290
DES MOINES, IA 50331-0290

GARY & JONI KAWAGUCHI
911 ANACAPA
Irvine, CA 92602

JUAN JOSE DANZOS
Marso Home Collection
7509 Girard Avenue
La Jolla, CA 92037

LDC PARTNERS
ATTN: MANAGING OFFICER/GENERAL AGENT
UNIT F, DEPT LA 23329
PASADENA, CA 91185-3329

LDC PARTNERS
ATTN: MANAGING OFFICER/GENERAL AGENT
1260 E. GRAND AVENUE
POMONA, CA 91766

MARK & ERIKA KIESEL/LOWE
22 CHERRY HILLS LANE
NEWPORT BEACH, CA 92660

MARK ONO
31018 MARNE DRIVE
RANCHO PALOS VERDES, CA 90275

MEHITABEL INCORPORATED
ATTN: MANAGING OFFICER/GENERAL AGENT
PLANT 1 - SANSON ROAD, LAHUG
CEBU CITY 6000, PHILIPPINES

MERCATO LLP
ATTN: MANAGING OFFICER/GENERAL AGENT
NW 584319, PO BOX 1450
MINEAPOLIS, MN 55485-5843

PENN RESIDENCE
ATTN: MANAGING OFFICER/GENERAL AGENT
1580 STONE CANYON
LOS ANGELES, CA 90077

RC FURNITURE
ATTN: MANAGING OFFICER/GENERAL AGENT
1111 S. JELLICK AVENUE
INDUSTRY, CA 91748

RICHARD MACDONALD
16 LOWER RAGSDALE DRIVE
MONTEREY, CA 93940

ROBERT J. GOWING
1707 LAKE ARBOR DR
EL LAGO, TX 77586

TORREY PINES PROP. MANAGEMENT
7858 IVANHOE AVENUE
LA JOLLA, CA 92037

TSLV LLC
ATTN: MANAGING OFFICER/GENERAL AGENT
25567 NETWORK PLACE
CHICAGO, IL 60673-1255

WMCV PHASE 3 LLC
C/O BANK OF AMERICA, FILE 749026
LOS ANGELES, CA 90074-9026

7764-7770 Girard Avenue, LLC
c/o Torrey Pines Property Mgmt.
7858 Ivanhoe Avenue
La Jolla, CA 92037

MEHITABEL INCORPORATED
c/o MARIA BOOTH
BOOTH LAW OFFICE
P.O. BOX 4423
PARK CITY, UT 84067

| | | |
|---|---|---|
| Sep Melamed, President<br>Prime Properties<br>9401 Wilshire Blvd., #830<br>Beverly Hills, CA 90212 | <u>Attorney General of the State of CA</u><br>Consumer Law Section<br>Attn: Bankruptcy Notices<br>California Attorney General's Office<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004 | <u>IRS</u><br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| MARGE CARSON INC.<br>1260 E. GRAND AVENUE<br>POMONA, CA 91766 | Securities Exchange Commission<br>5670 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90036 | Torrey Pines Property Management<br>c/o John A. Mayers, Esq.<br>401 West A Street, 17th Floor<br>San Diego, CA 92101 |