MARTIN J. BRILL (SBN 53220)
JULIET Y. OH (SBN 211414)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: mjb@lnbyb.com, jyo@lnbyb.com, lls@lnbyb.com

Attorneys for Chapter 11 Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:13-bk-21466-NB |
| Kreiss Enterprises, Inc., <br><br> Debtor. | Chapter 11 <br><br> **DEBTOR'S FIFTH CASE STATUS REPORT; DECLARATION OF THOMAS KREISS IN SUPPORT THEREOF** <br><br> Date:  November 26, 2013 <br> Time:  11:00 a.m. <br> Place:  Courtroom 1545 <br> 255 E. Temple Street <br> Los Angeles, CA 90012 |

     Kreiss Enterprises, Inc., the debtor and debtor in possession herein (the "Debtor"), hereby submits the *Debtor's Fifth Case Status Report* to briefly update the Court on the events that have transpired in this case since the status conference held on September 10, 2013, as follows:

### Background

     1.    The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on April 30, 2013.  The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

## **Termination Of SPCI Consulting Agreement**

2.    On or about September 1, 2013, the Debtor relocated its business to a new showroom located at 8755 Melrose Avenue, Los Angeles, California (the "New Store").  In conjunction with the relocation to the New Store, the Debtor entered into that certain *Consulting and Service Agreement* dated as of August 30, 2013 (the "Consulting Agreement") with SPCI-Promotions, Inc. ("SPCI"), pursuant to which SPCI was to provide consulting services relating to the operation and management of the New Store.

3.    Thereafter, the Debtor and SPCI mutually determined that it was in their respective best interests to terminate their business arrangement.  Accordingly, on October 25, 2013, the Debtor and SPCI entered into that certain *Amendment to Consulting and Service Agreement* (the "Amendment"), a true and correct copy of which is attached as **Exhibit "1"** to the Declaration of Thomas Kreiss annexed hereto (the "Kreiss Declaration"), pursuant to which, among other things, the term of the Consulting Agreement was deemed terminated effective as of 11:59 p.m. (PDT) on October 25, 2013.

## **Debtor's Business Operations**

4.    Following the termination of the Consulting Agreement with SPCI, the Debtor entered into a merchant processing agreement with Elite Merchant Solutions ("Elite"), a true and correct copy of which is attached as **Exhibit "2"** to the Kreiss Declaration, pursuant to which Elite has agreed to provide credit card processing services for retail transactions at the New Store.  The merchant processing agreement with Elite, which the Debtor submits falls within the ordinary course of the Debtor's business, provides for substantially lower credit card processing fees than those paid to SPCI pursuant to the Consulting Agreement.

5.    The Debtor is continuing to sell its existing inventory in the New Store and to take customer orders for merchandise from the Debtor's preferred vendors.  Generally, at the time such an order is taken, the Debtor receives a deposit from the customer in an amount sufficient to cover the full cost of procuring the items (which deposit amount is then paid by the Debtor to the vendor to fulfill the order).  When the items are ready to be delivered to the customer, the customer is required to pay the balance of the purchase price for the order.  Generally, since the

initial deposit paid by the customer covers the cost of the procurement of the items ordered, the balance paid by the customer constitutes "profit" for the Debtor.  As a result, while the Debtor may not receive the benefit of the initial deposits paid by customers (since such deposits are paid to the vendors to fulfill the orders), the Debtor will receive the full benefit of the balances paid by the customers upon the delivery of their orders.  Since the Debtor was primarily focused on liquidating existing inventory at its old showroom, the Debtor did not focus on taking new orders from customers until it relocated to the New Store.  Accordingly, the Debtor anticipates there will be an increase in profits based upon the orders that have been generated at the New Store since September, 2013.

6.    To increase the inventory that is being maintained at the Debtor's New Store, the Debtor has begun negotiating with various vendors regarding the terms under which such vendors may provide furniture and other items for sale at the New Store.  The Debtor is optimistic that such negotiations will allow the Debtor to obtain new inventory on "market" terms (*i.e.*, 30-day term), to keep the New Store fully stocked, and ultimately, to increase sales revenue.

### DIP Financing And Cash Collateral Use

7.    On November 14, 2013, the Court entered an order authorizing the Debtor to continue using cash collateral in accordance with the Debtor's submitted operating budget for the 13-week period from November 12, 2013 through and including February 9, 2014 (the "Budget").

8.    The Debtor has filed a motion seeking Court authority to borrow funds up to $100,000, on an administrative expense priority basis, from Thomas Kreiss, the Chairman and CEO of the Debtor, on an as-needed basis to cover any shortfalls in the Budget.  The foregoing motion is set to be heard by the Court on November 26, 2013 at 11:00 a.m.

### Plan And Disclosure Statement

9.    On October 15, 2013, the Court entered an order extending the deadline by which the Debtor must file a plan of reorganization (the "Plan Filing Deadline") to and including January 13, 2014.  While the Debtor believes that the foregoing extension will provide the Debtor with sufficient time to stabilize its business operations, to obtain the financial information necessary to prepare accurate projections for its business, and to formulate a confirmable plan of

1    reorganization, in the event that the Debtor believes it requires a further extension of the Plan

2    Filing Deadline, it will file a motion accordingly.

3    **Compliance Matters**

4    10.    The Debtor believes that it is in full compliance with its obligations and duties

5    under the Bankruptcy Code and the applicable guidelines of the Office of the United States

6    Trustee.    The Debtor has filed its Monthly Operating Reports for the months through and

7    including September, 2013, and anticipates filing its Monthly Operating Report for the month of

8    October, 2013 within the next week, well before the date of the Fifth Status Conference.

9    Dated:  November 15, 2013                 KREISS ENTERPRISES, INC.

10

11

12                                    By:_____

13                                        JULIET Y. OH
                                         LEVENE, NEALE, BENDER, YOO
14                                           & BRILL L.L.P.
                                         Attorneys for Chapter 11 Debtor and
15                                       Debtor in Possession

16

17

18

19

20

21

22

23

24

25

26

27

28

4

## DECLARATION OF THOMAS KREISS

I, Thomas Kreiss, hereby declare as follows:

1.      I am over 18 years of age.  I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2.      I am the Chairman of the Board and Chief Executive Officer of Kreiss Enterprises, Inc., a California corporation, the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor").  I am familiar with the history, organization, operations and financial condition of the Debtor.  I have access to the Debtor's books and records and am familiar with the contents thereof.  The statements set forth in this declaration are based upon my own personal knowledge and my knowledge of the Debtor's books and records.

3.      I have reviewed the *Debtor's Fifth Case Status Report*, to which this declaration is attached, and I know the contents thereof.  To the best of my knowledge, information and belief, all of the matters stated in the *Debtor's Fifth Case Status Report* are true and correct.

4.      I believe that the Debtor is in full compliance with all of its obligations and duties under the Bankruptcy Code and the applicable guidelines of the Office of the United States Trustee.

5.      The Debtor has filed its Monthly Operating Reports for the months through and including September, 2013, and I anticipate that the Debtor will file its Monthly Operating Report for the month of October, 2013 within the next week.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of November, 2013, at Los Angeles, California.


_____
THOMAS KREISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>EXHIBIT "1"</u>

[Amendment to Consulting and Service Agreement]

## AMENDMENT TO CONSULTING AND SERVICE AGREEMENT

This Amendment to Consulting and Service Agreement ("**Amendment**") is made and entered into effective as of October 25, 2013 by and between Kreiss Enterprises, Inc., dba "Kreiss Collection" (the "**Company**"), a California corporation, whose address is 8755 Melrose Avenue, Los Angeles, California 90069 and SPCI-Promotions, Inc. ("**SPCI,**" and together with the Company, the "**Parties**"), a Colorado corporation, whose address is 3650 South Yosemite Street, Suite 408, Denver, Colorado 80237.

WHEREAS, on April 30, 2013, the Company commenced a voluntary Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "**Bankruptcy Court**") bearing the case number 2:13-bk-21466-NB; and

WHEREAS, the Parties entered into that certain Consulting and Service Agreement dated as of May 1, 2013 (the "**First Agreement**"), pursuant to which SPCI was to advise and assist the Company in the conduct of a store closing sale (the "**Store Closing Sale**") to liquidate the inventory at the Company's showroom located at 8619 Melrose Avenue, Los Angeles, California 90069 (the "**Old Store**"), which agreement was approved by the Bankruptcy Court pursuant to an order entered on May 29, 2013 [Doc. No. 83] (the "**Store Closing Sale Order**"); and

WHEREAS the Store Closing Sale Order requires, among other things, that, following the conclusion of the Store Closing Sale, the Company, with the assistance of SPCI, shall file with the Bankruptcy Court a final report identifying, among other information, (i) the total amount and percentage of Gross Sale Proceeds (as that term is defined in the Store Closing Sale Order) generated by the sale of the Company's inventory; (ii) the total amount and percentage of Gross Sale Proceeds generated by the sale of the Augment Goods (as that term is defined in the Store Closing Sale); (iii) the amounts paid to SPCI from the Gross Sale Proceeds, with the amounts broken down by category (*e.g.*, cost of Augment Goods, commissions, credit card processing fees, lodging allowance for on-site manager and salesperson(s), etc.); and (iv) the amounts paid to the Company (the "**Final Sale Report**"), which Final Sale Report has not yet been finalized by the Parties; and

WHEREAS, the Company arranged to enter into a sublease for a new and different retail showroom located at 8755 Melrose Avenue, Los Angeles, California 90069 (the "**New Store**") following the completion of the Store Closing Sale, which sublease was approved by the Bankruptcy Court pursuant to an order entered on August 27, 2013 [Doc. No. 180]; and

WHEREAS, the Parties entered into a second Consulting and Service Agreement dated as of August 30, 2013 (the "**Second Agreement**"), pursuant to which SPCI was to provide services to the Company relating to the operation and management of the New Store through and including November 30, 2013, which agreement was approved by the Bankruptcy Court pursuant to an order entered on September 3, 2013 [Doc. No. 189]; and

WHEREAS, the Parties have agreed to modify the Second Agreement to provide for, among other things, the immediate termination of the term of the Second Agreement, in accordance with the terms and conditions set forth in this Amendment;

NOW, THEREFORE, for the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

A.     **Amendment To Section M.1 Of The Second Agreement.**  Section M.1 of the Second Agreement is hereby amended and restated as follows:  "Upon 21 days' advance written notice to SPCI, which notice SPCI may agree in writing to waive in part or in its entirety, the Company shall be entitled to terminate this Second Agreement."

B.     **Termination Of The Term Of The Second Agreement.**  The Term of the Second Agreement shall be deemed terminated effective as of 11:59 p.m. (PDT) on October 25, 2013.

C.     **No Other Amendment.**  Except as expressly amended in this Amendment, all provisions of the Second Agreement shall remain in full force and effect, and the Parties thereto and hereto shall continue to have all their rights, duties, obligations and remedies under the Second Agreement, including, without limitation, their duties and obligations to prepare and file with the Court the Final Sale Report.  In the event of a conflict between the terms and provisions of this Amendment and the terms and provisions of the Second Agreement, the provisions of this Amendment shall govern.

D.     **Successors and Assigns.**  This Amendment shall be binding on and shall inure to the benefit of the Parties hereto and their respective successors and assigns.

E.     **Counterparts.**  This Amendment may be executed by the parties hereto on any number of separate counterparts, any of which may be executed and transmitted by facsimile or other electronic transmission (such as portable document format), and each of which shall be deemed an original and all of which, taken together, shall be deemed to constitute one and the same instrument.

F.     **Governing Law.**  All disputes between the Parties related to the subject matter of this Amendment and the Second Agreement that the Parties cannot resolve themselves shall be decided by the Bankruptcy Court.  The prevailing party shall be awarded its costs, expenses, and attorneys' fees in said litigation and in any court proceeding to enforce the award and/or collect a judgment entered on the award.

[The remainder of this page is intentionally blank.]

2

DATED as of the date first written above.

**SPCI-Promotions, Inc.**, a Colorado corporation

By: _Steph Bjorsey_

Its: _President_

Date: _Oct. 29, 2013_

**Kreiss Enterprises, Inc.**, a California corporation

By: _Thomas Kreiss_

Its: _CEO_

Date: _11-5-13_

-3-

1
2
3
4
5
6
7
8

# EXHIBIT "2"

9
10

[Elite Merchant Processing Agreement]

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MERCHANT PROCESSING APPLICATION AND AGREEMENT
## PARTIES AND SERVICES

Merchant #: _____    ISO Name: ELITE MERCHANT SOLUTIONS

Agent #: _____    Sales Rep Name: Jeffrey Mosquera    Loc. 1 of 1

### LOCATION INFORMATION

Store/DBA Name: Kreiss _____ Store #: _____

MCC Description: _____

Product / Services Sold: Furniture

### LOCATION/CONTACT INFORMATION

First/Last Name: Loren Kreiss

Street Address: 8755 Melrose Ave.

City: Los Angeles    State: CA    Zip: 90069

Country: USA

Business Phone: (310) 657-3990    Cust. Svc. Phone: (310) 657-3990

Fax Type: _____    Fax #: (310) 657-6729

Mobile #: _____    Pager #: _____

E-Mail: lorenkreiss@kreisshq.com

### SALES INFORMATION

| | | |
|---|---|---|
| Visa/MasterCard Volume Percent: | Swiped 90 % | Keyed 10 % |
| Discover® Volume Percent : | Swiped 90 % | Keyed 10 % |
| American Express OnePoint Percent : | Swiped 90 % | Keyed 10 % |

Bankcard Sales %: _____

Hand Keyed 10 %    Face to Face 90 %

POS 90 %    Mail/Phone 10 %    Internet ____%    Tradeshow ____%

| | | | |
|---|---|---|---|
| Total Cash/Credit: | $ 900,000 | Average MC/Visa Ticket: | $ 100.00 |
| Total Annual MC/Visa Volume: | $ 700,000 | Average Discover® Ticket: | $ 100.00 |
| Total Annual Discover® Volume: | $ 40,000 | Average American Express OnePoint Ticket: | $ 100.00 |
| Total Annual American Express OnePoint Vol.: | $ _____ | Highest Ticket: | $ 5,000.00 |

### PRIMARY OWNER

First/Middle/Last Name: Thomas J. Kreiss

Title: owner

SSN: 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    Date of Birth: 01/10/56    % Ownership: 51

#### RESIDENCE INFORMATION

Phone #: (310) 657-3990    Fax #: (310) 657-6729

Mobile #: _____    Pager #: _____

Street Address: 9255 Doheny Rd. #1102

City: Los Angeles    State: CA    Zip: 90069

### CORPORATE INFORMATION

Business Legal Name: Kreiss Enterprises Inc.

☐ Same as DBA Name

#### CORPORATE CONTACT INFORMATION

☒ Same as Location    or:

First/Last Name: _____

Street Address: _____

City: _____    State: _____    Zip: _____

Country: _____

Business Phone: _____    Fax #: _____

Mobile #: _____    Pager #: _____

Organization Type: ☐ Association    ☐ Individual/Sole Proprietor
☐ Estate/Trust    ☐ International LLC / Corp. (LLP/LLC)
☐ Public Corporation    ☒ Private Corporation
☐ Government    ☐ Tax Exempt
☐ Other: _____

State Incorporated: CA

Date Business Acquired: 01/1939

SS #: 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

# of Employees: 10+

**NOTE:** Failure to provide accurate information may result in a withholding of merchant funding per IRS regulations
(See Part IV, A.4. of your Program Guide for further information.)

Name (as it appears on your income tax return)

Thomas J. Kreiss

☒ Federal Tax ID#: (as it appears on your income tax return)

95-2657344

☐ I certify that I am a foreign entity/nonresident alien.
(If checked, please attach IRS Form W-8.)

### SECONDARY OWNER

First/Middle/Last Name: _____

Title: _____

SSN: _____    Date of Birth: _____    % Ownership: _____

#### RESIDENCE INFORMATION

Phone #: _____    Fax #: _____

Mobile #: _____    Pager #: _____

Street Address: _____

City: _____    State: _____    Zip: _____

### BANKING INFORMATION

Contact Name: RIZWAN TASHIQ    Phone #: 310-855-7140

Institution Name: WELLSFARGO BANK    Account Type: Checking

✓ ABA #: 122000247    DDA #: 2031261684

## TOTAL SALES

Business to Business _____ %   Business to Consumer __100__ %

### BANKCARD SALES

Business to Business _____ %   Business to Consumer __100__ %

### ORDER DELIVERY

0-7 days __100__ %   8-14 days _____ %   15-30 days _____ %   30+ days _____ %

MasterCard/Visa/Discover®/American Express OnePoint Sales deposited:

☒ Date of Order   ☐ Date of Delivery   ☐ Other

Explanation: _____

Who fulfills orders: _____

Description: _____

### MODE OF ADVERTISING

☒ Catalog   ☐ Phone   ☐ TV/Radio   ☒ Internet   ☐ Brochure/Directory
☐ Newspaper/Magazine   ☐ Other: _____

## LANDLORD

☒ Own   ☐ Rent   Renting Since: _____   Lease expires: _____

Contact Name: __manager__

Phone #: __(310) 657-3990__

### ORDER FULFILLMENT VENDOR

Company Name: _____

Contact Name: _____

Phone #: _____   City: _____   State: _____   Zip: _____

### ENCLOSURES

☒ Financial Statements   ☐ Brochure/Directory   ☐ Government Form
*(required if Gov't Contract)*

☐ Web Page  *or*  ☐ URL _____

Use third party to store, process, transmit Cardholder data?  ☐ Yes  ☐ No

Name: _____

Address: _____

Software Used: _____

### TRADE REFERENCES

Company Name: _____      Street Address: _____

Phone #: _____      City: _____   State: _____   Zip: _____

Product/Services: _____

## MAIL CARD STATEMENTS / DOCUMENTS

Statement Recap Information: *(check one)*  ☒ 01 = Outlet   ☐ 02 = Stmt to Bill To/No Recap   ☐ 07 = Suppress Stmt (No Stmt)   ☐ 08 = Produce Recap, No Stmt
☐ 09 = Bill to Address/Stmt and Recap   ☐ 10 = Recap to Bill To/Stmt to Outlet

Statement Type: *(check one)* ☒ Detail  ☐ Summary   Statement Delivery Method: *(check one)* ☒ E-Mail  ☐ Online  ☐ Print and Mail

Statement E-Mail Address: __lorenkreiss@kreisshq.com__

Head Office/Bill To Name: __Thomas J. Kreiss__      First/Last Contact Name: __Loren Kreiss__

Address: __8755 Melrose Ave.__   City: __Los Angeles__   State: __CA__   Zip: __90069__   Phone: __(310) 657-3990__

ON YOUR BUSINESS ACCOUNT CHECKING STATEMENT ROLLUP: *(check one)*

☒ 0 = Each Transfer   ☐ 1 = Debit/Credit Grouped (By Category)   ☐ 2 = Net Transfer Amount Only   ☐ 3 = Net Transfer EOM Fee Combined

### SITE SURVEY

Visit Performed?  ☐ Yes  ☒ No

Zone: __business__   Location: __business__

Location Description: __business__

Seasonal Merchant?  ☐ Yes  ☒ No   Start Month: _____   End Month: _____

# Floors in Building: _____   Floor(s) Occupied: _____

Who occupies Other Floor? _____

☒ Fire Safety Act

Advertising Name Displayed:  ☒ Store Front  ☐ Door  ☐ Window

Approximate Sq. Footage: _____   # of Registers: _____

☒ Proper License Displayed

### RETURN POLICY

☐ Exchange Only   ☒ Refund Cardholder   ☐ None

### PREVIOUS PROCESSOR

Previous Processor: _____

Previous Merchant #: _____

Reason for Leaving: _____

Other: _____

## ENTITLEMENTS

☑ MC/Visa     ☑ Discover Network Full Processing

☐ Voyager Fleet* *or* Existing Voyager Acct #: _____   Annual Voyager Vol.: $ _____   ☐ MC Fleet ☐ Wright Express *or* Existing WEX Acct #: _____

*Tax exempt Voyager Cards accepted:  ☐ Yes  ☐ No

☒ American Express OnePoint / Full Service (EDC)   ☐ American Express ESA* / Pass Through: ___ ___ ___ — ___ ___ — ___ ___ ___ ___ ___   *or*   ☐ Existing SE # _____

Amer. Exp. Cap # ___ ___ ___ — ___ ___ — ___ ___ ___ ___ ___   Franchise Name: _____   Check one for ESA/Pass Through: ☐ Split Dial ☐ Single Settle ☐ EDC ☐ PIP ☐ Reverse PIP

☐ Debit Pkg: _____   ☐ EBT  SNAP / FNS # (XREF): ___ ___ ___ — ___ ___ — ___ ___ ___ ___ ___   ☐ Non Lic. JCB (EDC) Existing SE #: ___ ___ ___ — ___ ___ — ___ ___ ___ ___ ___

*American Express will charge either a Flat Fee of $ 7.95 or a Discount Rate and Transaction Fee directly to the merchant. Retail & Restaurant merchants will be charged an additional 0.30% for non-swiped American Express transactions. An inbound fee of .40% will be applied to any charge made using a card issued by an issuer located outside of the United States. These fees (as applicable) are determined and charged directly by American Express.

## DESCRIBE EQUIPMENT DETAILS

Network:  ☐ (206) CARD*net*®     ☐ (4000) Nashville     ☐ (4006) BuyPass     ☐ Omaha     ☐ Other          Specify Security Code: ( _____ )

| Rental • Purchase Customer-Owned Lease *(circle one)* | QTY | IP | Equipment Type (i.e. Terminal/VAR/Internet) | Retail • Restaurant • MOTO/Internet Lodging • Supermarket • Car Rental Quick Service Restaurant • Petr | Model Code and Name | Unit Price w/o Tax | For Customer-Owned Equipment Track / Version/Serial # |
|---|---|---|---|---|---|---|---|
| R  P  ☒ L | 04 | ☐ | Verifone | ☒ Re  MOTO/I  L  S  C  QSR  P | VX570 | $ | |
| R  P  C  L | | ☐ | | R  Re  MOTO/I  L  S  C  QSR  P | | $ | |
| R  P  C  L | | ☐ | | R  Re  MOTO/I  L  S  C  QSR  P | | $ | |

**NOTE: Any Special Instructions must be included on About Merchant's Business Page.**

## DESCRIBE EQUIPMENT DETAILS (cont'd)

Installation/Training: ☐ MAG/MIG to Train          (receive training via phone, dial 1-800-558-7101 Opt. #1, M-F 8:00 am - 10:00 pm EST & Sat. 10:00 am - 7:00 pm EST)

☒ Sales Rep. to Train   ☐ No Merchant Training   ☐ In-House   ☐ PACT          (Check Training via phone 1-800-366-1054 7:00 am - 6:30 pm CT)

First/Last Contact Name: Loren Kreiss                                  Contact Phone #: (310) 657-3990          Best Time to Call: 11:30  ☒ am  ☐ pm

Imprinter
Purchase: ☐ Yes  ☒ No  If Yes $ _____ x Qty: _____ = $ _____ (w/o Tax)     Wireless Provider: ☐ GPRS Cingular  or  ☐ Other: _____

Check one: ☐ Gateway Solutions ☐ Dial Solutions ☐ First Data Global Gateway (FDGG) ☐ VSAT**** ☐ Frame ☐ Other: _____   ☐ IC Verify Serial # _____

VAR/Internet/Software:  Name: _____                          (Nashville Only: Product ID # _____          Vendor ID # _____ )

NOTE: ***Requires separate agreement between VSAT Provider prior to implementation of this telecommunications protocol.

## FDGL LEASING

LEASE COMPANY: (04) First Data Global Leasing     Lease Term: __0__ Mos.     Annual Tax Handling Fee: _10.20_

Total Monthly Lease Charge: $ _0.00_          w/o taxes, late fees, or other charges that may apply – See Lease Agreement in Program Guide for details.
This is a non-cancelable lease for the full term indicated.)

## SIGNATURES

Client certifies that all information set forth in this completed Merchant Processing Application is true and correct and that Client has received a copy of the Program Guide [Version FDSISO1505(ia)] which is part of this Merchant Processing Application, and by this reference incorporated herein. Client hereby consents to receiving commercial electronic mail messages from us or our Affiliates from time to time. Client further agrees that Client will not accept more than 20% of its card transactions via mail, telephone or Internet order. However, if your Application is approved based upon contrary information stated in the Sales Information section above, you are authorized to accept transactions in accordance with the percentages indicated in that section. This signature page also serves as a signature page to the Equipment Lease Agreement and the American Express Card Acceptance Agreement appearing in the Third Party Section of the Program Guide, if selected, the undersigned Client being the "Lessee" for purposes of such Equipment Lease Agreement and/or "You" and "Your" for the purposes of the American Express Card Acceptance Agreement.

By signing below, I represent that I have read and am authorized to sign and submit this application for the above entity which agrees to be bound by the American Express® Card Acceptance Agreement ("Agreement"), and that all information provided herein is true, complete and accurate. I authorize FDS Holdings, Inc. and American Express Travel Related Services Company, Inc. ("AXP") and AXP's agents and Affiliates to verify the information in this application and receive and exchange information about me personally, including by requesting reports from consumer reporting agencies from time to time, and disclose such information to their agent, subcontractors, Affiliates and other parties for any purpose permitted by law. I authorize and direct FDS Holdings, Inc. and AXP and AXP agents and Affiliates to inform me directly, or inform the entity above, about the contents of reports about me that they have requested from consumer reporting agencies. Such information will include the name and address of the agency furnishing the report. I also authorize AXP to use the reports on me from consumer reporting agencies for marketing and administrative purposes. I am able to read and understand the English language. I understand that upon AXP's approval of the Application, the entity will be provided with the Agreement and materials welcoming it, either to AXP's program for FDS Holdings, Inc. to perform services for AXP or to AXP's standard Card acceptance program, which has different servicing terms (e.g., different speeds of pay). I understand that if the entity does not qualify for the FDS Holdings, Inc. servicing program, the entity may be enrolled in AXP's standard Card acceptance program, and the entity may terminate the Agreement. By accepting the American Express Card for the purchase of goods and/or services, or otherwise indicating its intention to be bound, the entity agrees to be bound by the Agreement.

By signing below, each of the undersigned authorizes us, our Affiliates and our third party subcontractors and/or agents to verify the information contained in this Application and to request and obtain from any consumer reporting agency and other sources, including bank references, personal and business consumer reports and other information and to disclose such information amongst each other for any purpose permitted by law. If the Application is approved, each of the undersigned also authorizes us, our Affiliates and our third party subcontractors and/or agents to obtain subsequent consumer reports and other information from other sources, including bank references, in connection with the review, maintenance, updating, renewal or extension of the Agreement or for any other purpose permitted by law and disclose such information amongst each other.

Each of the undersigned furthermore agrees that all references, including banks and consumer reporting agencies, may release any and all personal and business credit financial information to us, our Affiliates and our third party subcontractors and/or agents. Each of the undersigned authorizes us, our Affiliates and our third party subcontractors and/or agents to provide amongst each other the information contained in this Merchant Processing Application and Agreement and any information received subsequent thereto from all references, including banks and consumer reporting agencies for any purpose permitted by law. It is our policy to obtain certain information in order to verify your identity while processing your account application.

As part of our approval, processing services, continuing fraud prevention and account review processes, the undersigned consents to the use of information gathered online or that you submit to us, and/or automated electronic computer security screening, by us or our third party vendors.

You further acknowledge and agree that you will not use your merchant account and/or the Services for illegal transactions, for example, those prohibited by the Unlawful Internet Gambling Enforcement Act, 31 U.S.C. Section 5361 et seq, as may be amended from time to time, or processing and acceptance of transactions in certain jurisdictions pursuant to 31 CFR Part 500 et seq. and other laws enforced by the Office of Foreign Assets Control (OFAC).

Client certifies, under penalties of perjury, that the federal taxpayer identification number and corresponding filing name provided herein are correct.

Client agrees to all the terms of this Merchant Processing Application and Agreement. This Merchant Processing Application and Agreement shall not take effect until Client has been approved and this Agreement has been accepted by FDS Holdings, Inc. and Bank.

Client's Business Principal/Officer:

Signature X _Thomas Kreiss_          Title _CEO_          Date _10/16/13_

Print Name of Signer  Thomas J. Kreiss

Signature X _____          Title _____          Date _____

Print Name of Signer _____

Personal Guarantee: In exchange for FDS Holdings, Inc., Wells Fargo Bank, N.A., and American Express (the Guaranteed Parties) acceptance of, as applicable, the Agreement, and/or the Equipment Lease Agreement and/or the American Express Card Acceptance Agreement, the undersigned unconditionally and irrevocably guarantees the full payment and performance of Client's obligations under the foregoing agreements, as applicable, as they now exist or as modified from time to time, whether before or after termination or expiration of such agreements and whether or not the undersigned has received notice of any amendment of such agreements. The undersigned waives notice of default by Client and agrees to indemnify the Guaranteed Parties for any and all amounts due from Client under the foregoing agreements. The Guaranteed Parties shall not be required to first proceed against Client to enforce any remedy before proceeding against the undersigned. This is a continuing personal guaranty and shall not be discharged or affected for any reason. The undersigned understands that this is a Personal Guaranty of payment and not of collection and that the Guaranteed Parties are relying upon this Personal Guaranty in entering into the foregoing agreements, as applicable.

Personal Guarantee

Signature X _____          Print Name:  Thomas J. Kreiss          Date _10/16/13_
Personal Guarantee

Signature X _____          Print Name: _____          Date _____
Accepted By FDS Holdings, Inc.

Wells Fargo Bank, N.A., 1200 Montego Way, Walnut Creek, CA 94598

Signature X _____          Signature X _____

Title _____          Date _____          Title _____          Date _____

FDSISO1505(ia)          FDS Holdings, Inc. is a registered ISO/MSP of Wells Fargo Bank, N.A., Walnut Creek, CA          FDSHI1511(ia)
Page 3 of 3

# Schedule 'A' to Merchant Application and Agreement

Pricing Plan: __Interchange Pass-Through__    Discount Frequency: Settlement (Monthly)

Debit Network Interchange Pass-Through: Yes (add FSC 590)

Pricing Method: Gross

Targeted Interchange
Qualification:    VISA: _____    MC: _____    DISC: _____

## DISCOUNT FEES

| Card Type | Discount Rate | Trans Fee | Auth Fee |
|---|---|---|---|
| MasterCard Credit | .20 (800, 801) | (001, 002) | .06 (030, 031, 032, 033, 034, 03V) |
| MasterCard Check Card | .20 (850, 851) | (130, 131) | |
| Visa Credit | .20 (804, 805) | (005, 006) | .06 (040, 041, 042, 043, 044, 04V) |
| Visa Check Card | .20 (854, 855) | (134, 135) | |
| Discover Credit | .20 (170, 171) | (015, 016) | .06 (070, 071, 072, 073, 074, 07V) |
| Discover Check Card | .20 (964, 965) | (787, 788) | |
| Voyager Fleet Card | (844, 845) | (00W, 00X) | (0DC, 0DI, 0DV, 0D0, 0D1, 0D3) |
| American Express | (164) | (013, 014) | .06 □ (10P) – Q&K Platforms   □ (060,061,062,063,064,06V) – Sys S |
| Wright Express Fleet Card | | (00U) | (0B0, 0B1, 0D4, 0BV, 0DX, 0DY, 0DZ) |
| PIN-based Debit | | (018) | |
| Electronic Benefits Transfer (EBT) | | (029) | (18E) |
| MasterCard, Visa & Discover Assessment | | .0011 (242, 244, 6AC) | |
| MC Assessment Tran. Amt >= $1K | | .02 (28C) | The discount rate and trans fee for Check Cards will be billed at the |
| MasterCard, Visa & Discover Interchange Fee | | Passthru (550, 560, 529) | same amounts as Credit Cards unless a different amount is listed. |

## OTHER SERVICE FEES

| Service | Fee | Freq* | | Service | Fee | Freq* | |
|---|---|---|---|---|---|---|---|
| Account Set-Up | | 1 | (339) | Internet Service Fee | | M | (394) |
| ACH Reject Fee | 35.00 | P | (401) | Internet Setup Fee | | 1 | (30R) |
| Annual Membership | | A | (294) | Zero Limit Fee | .10 | P | (04I) |
| Batch Settlement | .19 | P | (227) | Acquirer Processing Fee Debit | .0155 | P | (04J) |
| Chargeback Processing | 25.00 | P | (205, 725, 20L) | Visa Processing Integrity Fee | .10 | P | (238) |
| Cross Border Fee – Non-USD | .80 | P | (606) | Visa Network Fee CP | Passthru | P | (NF1) |
| Cross Border Fee – US | .40 | P | (605) | Visa Network Fee CNP | Passthru | P | (NF2) |
| Discover Data Usage Fee | .19 | P | (22E) | Visa International Fee | .40 | P | (22A) |
| Discover Int'l Processing Fee | .40 | P | (22G) | Visa International Cash Advance | .40 | P | (22B) |
| Discover Int'l Service Fee | .55 | P | (22H) | Visa Zero AMT & AVS Fee | .025 | P | (10X) |
| Help Desk Fee | | M | (388) | Visa Zero AMT Fee | .025 | P | (10Y) |
| Minimum Monthly Discount | 25.00 | M | (954, 202) | Visa Partial Auth Fee | .05 | P | (12D) |
| Monthly Maintenance Fee | | M | (354) | Wireless Monthly Services/Support | | M | (472) |
| Monthly Report Fee | | M | (391) | TransArmor Monthly Fee | | M | (30L) |
| Monthly Service / Support | 10.00 | M | (329) | TransArmor Minimum Monthly Fee | | M | (959) |
| POS Equipment Billing | | M | (382) | TransArmor Token & Encryption | | P | (12E) |
| Statement | | M | (323) | TransArmor Token Only | | P | (12G) |
| Retrieval | | P | (262) | TransArmor Token Registration | | P | (12H) |
| MC NABU Fee | .02 | P | (60M, 0B4) | WEX Chargeback Fee | | P | (29H) |
| MC CNP AVS Fee | .0075 | P | (10Z) | Global Gateway e4 per Trans. Fee | | P | (0FC) |
| MC Acquirer AVS Billing | .005 | P | (0FB) | Global Gateway e4 Monthly Fee | | M | (40A) |
| MC LLS Acct Status Inquiry Service Interregional Fee | .03 | P | (11G) | Global Gateway e4 Setup Fee | | 1 | (40B) |
| | | | | Regulatory Prod. Fee | 4.95 | M | (35I) |
| MC LLS Acct Status Inquiry Service Intraregional Fee | .025 | P | (11H) | TIN/TFN Blank or Invalid Fee | 19.95 | P | (18I) |
| MC Processing Integrity Fee | .055 | P | (04F) | Data File Manager Setup Fee | | 1 | (27A) |
| MC License Per Item Fee | .10 | P | (0IC) | Data File Manager Monthly Fee | | M | (27B) |
| MC License Volume Fee | .0076 | | (818) | Run Now File Over 8 GB-DFM | | M | (27C) |
| Visa APF Fee | .02 | P | (04H) | Statement SpendTrend Fee | | M | (22T) |
| Visa Misuse Fee | .05 | P | (04G) | Early Termination Fee | 500.00 | 1 | |
| | | | | Other: LAC/AP Intl Cash Disp | .0065 | | (60O&60P) |
| | | | | Other: _____ | | | ( ) |

Frequency:  1 = One Time Charge    A = Annual Charge
M = Monthly Charge    P = Per Occurrence Charge

FDSISO1511(ia)

## Schedule 'A' to Merchant Application and Agreement (cont'd)

### AUTH FEES

| Service | Fee | | Service | Fee | |
|---------|-----|--|---------|-----|--|
| Internet Authorizations | .10 | (03R, 04R, 06I, 07I) | Wireless Auth/Trans Fee | .10 | (434) |
| Voice / VRU | .75 | (035, 036, 037, 045, 046, 047, 065, 066, 067, 075, 076, 077) | Connectivity Fee | .0015 | (03Z) |
|  |  |  |  | .0025 | (04Z) |
| Voice Auth Issuer Referral | 2.00 | (03Y, 04Y, 06Y, 07Y) | Other: _____ | _____ | ( ) |
| Electronic AVS | .06 | (40S, 406, 407, 408, 435) | Other: _____ | _____ | ( ) |
| Voice AVS | 2.00 | (039, 049, 069, 079) | | | |

### AMERICAN EXPRESS ONEPOINT (570)

| | Rate | Per Item | | Rate | Per Item |
|--|------|----------|--|------|----------|
| ☐ Retail** | ____% | $_____ | ☐ Education | ____% | |
| ☐ Restaurant** | ____% | $_____ | ☐ Healthcare – Office Based Doctors/Dentists | ____% | |
| ☐ Fast Food Restaurant | ____% | | ☐ TeleCommunications | ____% | |
| ☐ Mail Order & Internet | ____% | | ☐ Independent Gas Station | ____% | |
| ☐ Supermarkets | ____% | | ☐ B2B | ____% | $_____ |
| ☐ Other Transportation | ____% | | ☐ PrePaid | ____% | $_____ |
| ☐ Lodging | ____% | | ☐ PrePaid Supermarket | | $_____ |
| ☐ Services, Wholesale & All Other | ____% | $_____ | ☐ _____ | ____% | $_____ |

**0.30% downgrade will be charged for transactions whenever a CNP (Card Not Present) charge occurs. CNP means a charge for which the card is not presented at the point of purchase (e.g., charges by mail, telephone or Internet), or for which the transaction is key entered.

Additional .40% applies for any Charge on a Card issued outside the U.S. except MCC 7032, 8211, 8220, and 8351 and Non U.S. Prepaid/Gift card transactions.

**Add'l Comments/Special Instructions:**

**Merchant DBA Name:** KREISS

**Merchant Signature:** *[signature]*

*NO personal guarantee*

**Date:** 10-16-13

**Disc1112SPC**

## CONFIRMATION PAGE

Please read the Discover Network Program Agreement in its entirety. It describes the terms under which we will provide merchant processing services to you for the Discover Card.

From time to time you may have questions regarding the contents of your Agreement with us. The following information summarizes portions of your Agreement related to Discover Card processing services in order to assist you in answering some of the questions we are most commonly asked. For more detailed information, please consult your Discover Network Program Agreement.

1. **The fees you are currently charged** pursuant to your Merchant Application and Agreement with us will be the same for your Discover Network transactions, including but not limited to your Discount Rates and Authorization fees.

2. **Your discount rates are assessed** on transactions that qualify for certain reduced interchange rates imposed by the Discover Network. Any transactions that fail to qualify for these reduced rates will be charged an additional fee. Please see Section 7 of your Discover Network Program Agreement for more detail.

3. **We may debit your bank account** from time to time for amounts owed to us under the Discover Network Program Agreement.

4. **There are many reasons** why a Chargeback may occur. When they occur we will debit your settlement funds or settlement account.

5. **If you dispute any charge or funding**, you must notify us within sixty (60) days of the date of the statement where the charge or funding appears or should have appeared.

6. **The Agreement limits our liability to you.**

7. **We have assumed certain risks** by agreeing to provide you with Discover Card processing. Accordingly, we may take certain actions to mitigate our risk, including termination of the Agreement, and/or hold monies otherwise payable to you.

8. **For additional information on Chargebacks, Limits of Liability, Reserve Account, and Security Interest, please refer to your Discover Network Program Agreement and the MAA.**

9. **Important Merchant Responsibilities:**

   (a) Ensure compliance with cardholder data security and storage requirements.

   (b) Review and understand the terms of the Discover Network Program Agreement.

   (c) Comply with Discover Network rules.

Print Merchant's Business Legal Name: _____

By its signature below, Merchant acknowledges that it received the complete Discover Network Program Agreement (Version Disc1112SPC) consisting of 14 pages (including this confirmation).

Merchant further acknowledges reading and agreeing to all terms in the Discover Network Program Agreement, which shall be incorporated into Merchant's MAA.

Upon receipt of a signed facsimile or original of this Confirmation Page by us, Merchant's Application will be processed.

**Merchant's Business Principal:**
Signature *(Please sign below)*:

(X) _____     CEO _____     10-16-13 _____
                                  Title                    Date

THOMAS  J.  KREISS
Please Print Name of Signer

**FDSISO1405(ia)**

## PART IV: CONFIRMATION PAGE

**PROCESSOR INFORMATION:**

Name: _____

Address: _____

URL: _____    Customer Service #: _____

Please read the **Program Guide** in its entirety. It describes the terms under which we will provide merchant processing Services to you.

From time to time you may have questions regarding the contents of your Agreement with Bank and/or Processor. The following information summarizes portions of your Agreement in order to assist you in answering some of the questions we are most commonly asked.

1. **Your Discount Rates are assessed** on transactions that qualify for certain reduced interchange rates imposed by MasterCard and Visa. Any transactions that fail to qualify for these reduced rates will be charged an additional fee (see Section 18 of the Program Guide).

2. **We may debit your bank account** from time to time for amounts owed to us under the Agreement.

3. **There are many reasons why a Chargeback may occur.** When they occur we will debit your settlement funds or settlement account. For a more detailed discussion regarding Chargebacks see Section 10 of Card Processing Operating Guide.

4. **If you dispute any charge or funding,** you must notify us within 60 days of the date of the statement where the charge or funding appears for Card Processing.

5. **The Agreement limits our liability to you.** For a detailed description of the limitation of liability see Section 20 of the Card Processing General Terms.

6. **We have assumed certain risks** by agreeing to provide you with Card processing or check services. Accordingly, we may take certain actions to mitigate our risk, including termination of the Agreement, and/or hold monies otherwise payable to you (see Card Processing General Terms in Section 23, Term; Events of Default and Section 24, Reserve Account; Security Interest) under certain circumstances.

7. **By executing this Agreement with us** you are authorizing us and our Affiliates to obtain financial and credit information regarding your business and the signers and guarantors of the Agreement until all your obligations to us and our Affiliates are satisfied.

8. **The Agreement contains a provision** that in the event you terminate the Agreement early, you will be responsible for the payment of an early termination fee as set forth in Part III, A.3 under "Additional Fee Information."

9. **If you lease equipment from Processor,** it is important that you review Section 1 in Third Party Agreements. Bank is not a party to this Agreement THIS IS A NON-CANCELABLE LEASE FOR THE FULL TERM INDICATED.

### 10. Card Organization Disclosure

**Visa and MasterCard Member Bank Information: Wells Fargo Bank N.A.**

The Bank's mailing address is 1200 Montego Way, Walnut Creek, CA 94598, and its phone number is (925) 746-4167.

**Important Member Bank Responsibilities:**

a) The Bank is the only entity approved to extend acceptance of Card Organization products directly to a Merchant.

b) The Bank must be a principal (signer) to the Merchant Agreement.

c) The Bank is responsible for educating Merchants on pertinent Visa and MasterCard rules with which Merchants must comply; but this information may be provided to you by Processor.

d) The Bank is responsible for and must provide settlement funds to the Merchant.

e) The Bank is responsible for all funds held in reserve that are derived from settlement.

**Important Merchant Responsibilities:**

a) Ensure compliance with Cardholder data security and storage requirements.

b) Maintain fraud and Chargebacks below Card Organization thresholds.

c) Review and understand the terms of the Merchant Agreement.

d) Comply with Card Organization rules.

e) Retain a signed copy of this Disclosure Page.

f) You may download "Visa Regulations" from Visa's website at: http://usa.visa.com/merchants/operations/opregulations.html.

g) You may download "MasterCard Regulations" from MasterCard's website at: http://www.mastercard.com/us/merchant/support/rules/html.

Print Client's Business Legal Name: _____

By its signature below, Client acknowledges that it has received the complete Program Guide [version FDSISO1405(ia)] consisting of 33 pages (including this confirmation).

Client further acknowledges reading and agreeing to all terms in the Program Guide, which shall be incorporated into Client's Agreement. Upon receipt of a signed facsimile or original of this Confirmation Page by us, Client's Application will be processed.

**NO ALTERATIONS OR STRIKE-OUTS TO THE PROGRAM GUIDE WILL BE ACCEPTED.**

**Client's Business Principal:**
**Signature** *(Please sign below):*

X _____    _____    10-16-13

THOMAS   J.   KREISS                  Title                     Date
Please Print Name of Signer

FDSISO1405(ia)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DEBTOR'S FIFTH CASE STATUS REPORT; DECLARATION OF THOMAS KREISS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 15, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Joseph M Adams    jadams@adamspham.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com
- J Scott Bovitz    bovitz@bovitz-spitzer.com
- Martin J Brill    mjb@lnbrb.com
- Eric J Fromme    efromme@rutan.com
- Marian Garza    ecfnotices@ascensioncapitalgroup.com
- Ed J Gezel    Notices@bkservicing.com
- Jeffrey Isaacs    jeffrey.isaacs@procopio.com,
  kristina.terlaga@procopio.com;lenore.joseph@procopio.com;efile-
  bank@procopio.com;barbara.culp@procopio.com;jamie.altman@procopio.com
- Paul T Johnson    ptj@paultjohnson.com, admin@ptjlaw.com;desiree@ptjlaw.com
- John H Kim    jkim@cookseylaw.com
- Stuart I Koenig    Skoenig@cmkllp.com
- Mary D Lane    mal@msk.com, mec@msk.com
- Dare Law    dare.law@usdoj.gov
- Susan I Montgomery    susan@simontgomerylaw.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Kristen N Pate    ggpbk@ggp.com
- Tina M Pivonka    tpivonka@mulvaneybarry.com, ihector@mulvaneybarry.com
- Timothy J Silverman    tim@sgsslaw.com
- Lindsey L Smith    lls@lnbyb.com, marla@lnbyb.com
- Rahil K Swigart    swigart@higgslaw.com, millerl@higgslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **November 15, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 15, 2013**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1

_Served by Personal Delivery via Attorney Service_
The Hon. Neil W. Bason

2

United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse

3

255 E. Temple Street, Suite 1552 / Courtroom 1545
Los Angeles, CA 90012

4

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and

5

correct.

6

| November 15, 2013 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| Date | Type Name | Signature |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

Kreiss Enterprises, Inc.
OUST, Top 20, Secured, Committee

Torrey Pines Property Management
c/o John A. Mayers, Esq.
401 West A Street, 17th Floor
San Diego, CA 92101

Office of the U.S. Trustee
Dare Law
725 S Figueroa St., 26th Fl.
Los Angeles, CA 90017

IRS/OHIO
P.O. BOX 145595
CINCINNATI, OH 45250

MEHITABEL INC.
PO BOX 331
CEBU, CE 6000

SPCI-PROMOTIONS, INC
3650 S YOSEMITE ST, STE 408
DENVER, CO 80237

AJA RUGS, INC.
955 PROSPECT
LA JOLLA, CA 92037

CAMINO SANTA FE INVESTMENT LLC
6749 TOP GUN ST STE 104
SAN DIEGO, CA 92121

CROCKER DOWNTOWN DEVELOPMENT
SDS 12-2563, PO BOX 86
MINNEAPOLIS, MN 55486-2563

Karl Swanson
101 International Way
MISSOULA, MT 59808-6630

JUAN JOSE DANZOS
Marso Home Collection
7509 Girard Avenue
La Jolla, CA 92037

GAINEY VILLAGE RETAIL CENTER
PO BOX 310290
DES MOINES, IA 50331-0290

GARY & JONI KAWAGUCHI
911 ANACAPA
Irvine, CA 92602

MARK & ERIKA KIESEL/LOWE
22 CHERRY HILLS LANE
NEWPORT BEACH, CA 92660

LDC PARTNERS
UNIT F, DEPT LA 23329
PASADENA, CA 91185-3329

MARGE CARSON INC.
1260 E. GRAND AVENUE
POMONA, CA 91766

MERCATO LLP
NW 584319, PO BOX 1450
MINEAPOLIS, MN 55485-5843

MARK ONO
31018 MARNE DRIVE
RANCHO PALOS VERDES, CA 90275

MEHITABEL INCORPORATED
PLANT 1 - SANSON ROAD, LAHUG
CEBU CITY 6000, PHILIPPINES

RICHARD MACDONALD
16 LOWER RAGSDALE DRIVE
MONTEREY, CA 93940

PENN RESIDENCE
1580 STONE CANYON
LOS ANGELES, CA 90077

TORREY PINES PROP. MANAGEMENT
7858 IVANHOE AVENUE
LA JOLLA, CA 92037

TSLV LLC
25567 NETWORK PLACE
CHICAGO, IL 60673-1255

ROBERT J. GOWING
1707 LAKE ARBOR DR
EL LAGO, TX 77586

MEHITABEL INCORPORATED
c/o MARIA BOOTH
BOOTH LAW OFFICE
P.O. BOX 4423
PARK CITY, UT 84067

MARGE CARSON INC.
1260 E. GRAND AVENUE
POMONA, CA 91766

WMCV PHASE 3 LLC
C/O BANK OF AMERICA, FILE 749026
LOS ANGELES, CA 90074-9026

Enkeboll, Inc.
16506 Avalon Boulevard
Carson, CA 90746
Attn: Craig Wald, CEO

Elpaseo Enterprises, LLC
Attn: Karl M. Swanson
101 International Drive
Missoula, MT 59808

Masatoshi One
31018 Marne Drive
Rancho Palos Verdes, CA 90275

David Dicker (Counsel for Creditor)
Dicker & Dicker, LLP
21550 Oxnard Street, Suite 550
Woodland Hills, CA 91367

Jerome M. Jackson (Counsel for Creditor)
880 Apollo Street, #238
El Segundo, CA 90245

RC Furniture Inc.
Rene and Richard Cazares
1111 Jellick Avenue
Industry, CA 91748

Mulvaney, Barry, Beatty, Linn & Mayers, LLP
(Counsel for Creditor)
Attn: John A. Mayers
401 West A Street 17th Floor
San Diego, CA 92101

7764/7770 Girard Ave., LLC
7840 Ivanhoe Avenue
La Jolla, CA 92037