MARTIN J. BRILL (SBN 53220)
JULIET Y. OH (SBN 211414)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: mjb@lnbyb.com, jyo@lnbyb.com, lls@lnbyb.com

Attorneys for Chapter 11 Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:13-bk-21466-NB |
| | ) |
| KREISS ENTERPRISES, INC., | ) Chapter 11 |
| | ) |
| Debtor. | ) **NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE DEADLINE SET BY THE COURT FOR DEBTOR TO FILE PLAN AND DISCLOSURE STATEMENT; DECLARATION OF THOMAS J. KREISS IN SUPPORT THEREOF** |
| | ) Date:   January 7, 2014 |
| | ) Time:   11:00 a.m. |
| | ) Place:  Courtroom 1545 |
| | )        255 E. Temple Street |
| | )        Los Angeles. California |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, ALL SECURED CREDITORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that Kreiss Enterprises, Inc., the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), hereby submits its motion (the "Motion") for an order extending the deadline set by the Court by which the Debtor must file a plan of reorganization and disclosure statement. A hearing on the Motion will be held on **January 7, 2014 at 11:00 a.m.** in the above-captioned Court. Pursuant to the Court's order entered on October 15, 2013, the Court has ordered that the Debtor must file its proposed Chapter 11 Plan and Disclosure Statement by January 13, 2014. By this Motion, and for the reasons set forth therein, the Debtor seeks to extend the Court's deadline for filing its chapter 11 plan and disclosure statement in this case for ninety (90) days from January 13, 2014 to and including April 13, 2014, or to such other date as the Court deems appropriate.

The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities and Declaration of Thomas J. Kreiss annexed thereto, the entire record in the Debtor's case, the statements, arguments and representations of counsel to be made at the hearing on the Motion, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any response to the Motion must be filed with the Bankruptcy Court and served on counsel for the Debtor not later than fourteen (14) days prior to the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(h), failure to file and serve a timely response to the Motion in accordance with the Local Bankruptcy Rules may be deemed by the Court to constitute consent to the granting of the relief requested in the Motion.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order:

(1)    granting the Motion;

Main Document    Page 3 of 18

  (2) extending the deadline set by the Court by which the Debtor must file its proposed Chapter 11 Plan and Disclosure Statement for ninety (90) days, from January 13, 2014 to and including April 13, 2014, or to such other date as the Court deems appropriate; and

  (3) granting such other and further relief as the Court deems just and proper.

Dated:  December 17, 2013    KREISS ENTERPRISES, INC.

            By:  */s/ Lindsey L. Smith*
              MARTIN J. BRILL
              JULIET Y. OH
              LINDSEY L. SMITH
              LEVENE, NEALE, BENDER, YOO
                & BRILL L.L.P.
              Attorneys for Chapter 11 Debtor and
              Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.    Background.**

1.    Kreiss Enterprises, Inc., a California corporation, the debtor and debtor in possession in the above-captioned Chapter 11 bankruptcy case, commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on April 30, 2013 (the "Petition Date"). The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.    After the Petition Date, on May 29, 2013, the Court entered that certain *"Order Setting Deadlines And Procedures For Proposed Chapter 11 Plan And Disclosure Statement,"* which set October 15, 2013 at the Debtor's deadline to file its chapter 11 plan and disclosure statement. Thereafter, on September 17, 2013, the Debtor filed a motion seeking a Court order extending the deadline by which the Debtor was required to file its chapter 11 plan and disclosure statement (the "Extension Motion"). Upon review and consideration of the Extension Motion, on October 15, 2013, the Court entered an order granting the Extension Motion and extending the deadline by which the Debtor was required to file its chapter 11 plan and disclosure statement to and including January 13, 2014 (the "Plan Filing Deadline").

3.    Founded more than 70 years ago, the Debtor is a family owned and operated company, which became a design-driven powerhouse in the home furnishings industry, blending understated quality, traditional elegance and the "Kreiss" trademark of casual comfort. At its peak, in 2005, the Debtor had 24 showrooms throughout the United States and generated annual revenues of $43 million.

4.    The economic downturn in 2008 had a dramatic effect on the Debtor's business, causing management to close the less profitable showroom locations. By the end of 2010, the Debtor had closed eight of its showrooms. In 2011 and 2012, the Debtor closed an additional seven showrooms, and also downsized and relocated its corporate headquarters from San Diego

Case 2:13-bk-21466-NB    Doc 223    Filed 12/17/13    Entered 12/17/13 14:46:56    Desc
Main Document    Page 5 of 18

to Beverly Hills. As of the Petition Date, the Debtor had closed all but its marquee showroom located at 8619 Melrose Avenue, Los Angeles, California (the "Old Store").

5.   The Debtor filed its bankruptcy case with the hope that, through the bankruptcy case, the Debtor could conduct a store closing sale (the "Store Closing Sale") at its Old Store, with the assistance of SPCI-Promotions, Inc. ("SPCI"), an experienced and knowledgeable consultant with expertise in the furniture industry, to maximize the value of the Debtor's remaining inventory, which would then enable the Debtor to formulate and pursue confirmation of a plan of reorganization which would allow the Debtor to restructure its existing debt in a cohesive and efficient manner while continuing to operate its business under the longstanding and well-respected "Kreiss" name.

**B.    Post-Petition Business Operations To Date.**

6.   On May 29, 2013, the Court entered an order (the "Store Closing Sale Order") authorizing the Debtor to, among other things, conduct the Store Closing Sale at the Old Store and retain SPCI as the Debtor's exclusive liquidation agent in connection with the Store Closing Sale in accordance with the terms of that certain Consulting and Service Agreement between the Debtor and SPCI (the "Liquidation Agreement"). Pursuant to the Store Closing Sale Order, the Debtor was authorized to conduct the Store Closing Sale through and including August 31, 2013.

7.   Due to unforeseen delays caused by, among other things, the Debtor's inability to collect and transport inventory to the Old Store (as discussed in more detail below), the Store Closing Sale did not actually commence until well into the month of June, 2013. However, since that time, the Store Closing Sale has been conducted by the Debtor and SPCI in accordance with the terms of the Store Closing Sale Order.

8.   Prior to the Petition Date, the Debtor utilized the services of American West Worldwide Express, Inc. ("American West") to ship and warehouse furniture items from the Debtor's showrooms and for customer orders produced by the Debtor's suppliers. Accordingly, as of the Petition Date, American West was holding a significant amount of the Debtor's inventory. Immediately following the entry of the Store Closing Sale Order, the Debtor engaged in settlement discussions with American West in an effort to reach a global agreement which would

provide for, among other things, the release of the inventory being stored by American West so that the Debtor could sell such inventory during the Store Closing Sale and/or fulfill customer orders. Such discussions were fruitful and resulted in a stipulation (the "American West Stipulation") which resolved the Debtor's dispute with American West concerning American West's pre-petition warehouseman's and storage lien claims for unpaid shipping and storage costs owed by the Debtor to American West, American West's claim for post-petition storage and audit service costs and the release of the Debtor's inventory from the storage facility.

9. The Debtor filed its motion for approval of the American West Stipulation on June 4, 2013. While the motion was pending, American West indicated that it did not feel comfortable fully implementing the terms of the American West Stipulation (including with respect to the release of inventory) until the Court entered an order approving the American West Stipulation. As a result, the Debtor was not able to obtain the release of most of the inventory being held at American West's storage facilities until after June 26, 2013, the date that the Court entered an order approving the American West Stipulation. As a result of this delay, the Debtor was not able to supplement its inventory for sale at the Old Store with the inventory held by American West until the end of June, 2013.

10. The Debtor was also successful in resolving its disputes with Robert J. Gowing, the landlord (the "Landlord") under the Debtor's lease (the "Lease") for the Old Store, in accordance with the terms and conditions set forth in that certain *Settlement Agreement And General Mutual Release* (the "Lease Settlement Agreement") entered into by and among the Debtor, the Landlord, and Thomas J. Kreiss and Robert Kreiss, alleged guarantors of the Debtor's obligations under the Lease for the Old Store. The Lease Settlement Agreement, which resolved the various disputes by and among the Debtor, the Landlord, Thomas Kreiss and Robert Kreiss relating to and/or arising from the Lease, provided for the rejection and termination of the Lease effective as of August 31, 2013 (immediately following the conclusion of the Store Closing Sale). The Court entered an order approving the Lease Settlement Agreement on June 26, 2013.

11. The entry of the Store Closing Sale Order, together with the entry of Court orders approving the American West Stipulation and the Lease Settlement Agreement with the Landlord,

ultimately paved the way for the Debtor to access its inventory and conduct the Store Closing Sale at the Old Store, to cut off the administrative expense associated with maintaining the Lease for the Old Store, to relocate to another, more cost-effective showroom location following the conclusion of the Store Closing Sale, and to potentially formulate and pursue confirmation of a plan of reorganization which will allow the Debtor to restructure its existing debt and continue operating its business.

**C.    New Store Location.**

12.    Since the Lease Settlement Agreement required the Debtor to vacate the Old Store on or before August 31, 2013, the Debtor conducted a search for a new showroom to ensure that the Debtor could continue operating its business without disruption. Based on such search, the Debtor was able to find a new showroom located at 8755 Melrose Avenue, Los Angeles, California 90069 (the "New Store"), which consists of 3,800 square feet of retail space.

13.    The Debtor is the subtenant of the New Store, with the sublease agreement that operates on a month-to-month basis, and that began on September 1, 2013 (the "Sublease"). The rent payable by the Debtor under the Sublease is $22,000 per month gross, which is approximately one-third of the rent amount payable under the Lease for the Old Store and approximately one-half of the reduced rent amount negotiated and paid by the Debtor pursuant to the Lease Settlement Agreement. On August 6, 2013, the Debtor filed a motion for authority to enter into the Sublease for the New Store. Thereafter, on August 27, 2013, the Court entered an order authorizing the Debtor to enter into the Sublease for the New Store. Thereafter, the Debtor moved into the New Store and is currently located at the New Store. However, due to delays in obtaining new inventory for the New Store, it took more time than the Debtor had anticipated for the New Store to become operational. The New Store became operational in October, 2013 and continues to be operational.

**D.    The Need To Extend The Plan Filing Deadline.**

14.    As noted above, in the beginning of September, the Debtor moved into the New Store and completed its Store Closing Sale. Since the New Store only became operational in October, 2013, the Debtor requires additional operating months in order to develop accurate

7

financial projections for its proposed chapter 11 plan.

## II.

## CAUSE EXISTS TO EXTEND THE DEADLINE BY WHICH THE DEBTOR MUST FILE ITS PLAN AND DISCLOSURE STATEMENT

Section 105(a) of the Bankruptcy Code provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. §105(a). The Bankruptcy Court is a court of equity with a primary focus on facilitating the reorganization process. *See, e.g., United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309 (1983).

Until the Debtor has had a suitable amount of time to operate its business by selling new inventory out of the New Store (as opposed to liquidating previous inventory through the Store Closing Sale at the Old Store), the Debtor will not be able to create accurate financial projections that will be the basis for the Debtor's proposed chapter 11 plan. Accurate financial projections are perquisite to proposing and formulating a confirmable chapter 11 plan. Based on the foregoing, the Debtor submits that cause exists to extend the Plan Filing Deadline for ninety (90) days, from January 13, 2014 to and including April 13, 2014. If the Plan Filing Deadline is not extended, the Debtor will incur significant and unnecessary fees and costs in preparing a chapter 11 plan and disclosure statement without the proper financial data that will likely have to be significantly amended once the Debtor develops accurate financial projections based upon the New Store operations in the upcoming months. Accordingly, the Debtor respectfully requests that the Court enter an order extending the Plan Filing Deadline as requested herein.

## III.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

(1)    granting the Motion;

(2) extending the deadline set by the Court by which the Debtor must file its proposed Chapter 11 Plan and Disclosure Statement for ninety (90) days, from January 13, 2014 to and including April 13, 2014, or to such other date as the Court deems appropriate; and'

(3) granting such other and further relief as the Court deems just and proper.

Dated: December 17, 2013         KREISS ENTERPRISES, INC.

By: */s/ Lindsey L. Smith*
    MARTIN J. BRILL
    JULIET Y. OH
    LINDSEY L. SMITH
    LEVENE, NEALE, BENDER, YOO
      & BRILL L.L.P.
Attorneys for Chapter 11 Debtor and
Debtor in Possession

## **DECLARATION OF THOMAS KREISS**

I, Thomas Kreiss, hereby declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2. I am the Chairman of the Board and Chief Executive Officer of Kreiss Enterprises, Inc., a California corporation, the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), and am therefore familiar with the business operations and financial books and records of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

3. The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on April 30, 2013 (the "Petition Date"). The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. After the Petition Date, on May 29, 2013, the Court entered that certain *"Order Setting Deadlines And Procedures For Proposed Chapter 11 Plan And Disclosure Statement,"* which set October 15, 2013 at the Debtor's deadline to file its chapter 11 plan and disclosure statement. Thereafter, on September 17, 2013, the Debtor filed a motion seeking a Court order extending the deadline by which the Debtor was required to file its chapter 11 plan and disclosure statement (the "Extension Motion"). Upon review and consideration of the Extension Motion, on October 15, 2013, the Court entered an order granting the Extension Motion and extending the deadline by which the Debtor was required to file its chapter 11 plan and disclosure statement to and including January 13, 2014 (the "Plan Filing Deadline").

5. Founded more than 70 years ago, the Debtor is a family owned and operated company, which became a design-driven powerhouse in the home furnishings industry, blending understated quality, traditional elegance and the "Kreiss" trademark of casual comfort. At its peak, in 2005, the Debtor had 24 showrooms throughout the United States and generated annual revenues of $43 million.

6. The economic downturn in 2008 had a dramatic effect on the Debtor's business, causing management to close the less profitable showroom locations. By the end of 2010, the Debtor had closed eight of its showrooms. In 2011 and 2012, the Debtor closed an additional seven showrooms, and also downsized and relocated its corporate headquarters from San Diego to Beverly Hills. As of the Petition Date, the Debtor had closed all but its marquee showroom located at 8619 Melrose Avenue, Los Angeles, California (the "Old Store").

7. The Debtor filed its bankruptcy case with the hope that, through the bankruptcy case, the Debtor could conduct a store closing sale (the "Store Closing Sale") at its Old Store, with the assistance of SPCI-Promotions, Inc. ("SPCI"), an experienced and knowledgeable consultant with expertise in the furniture industry, to maximize the value of the Debtor's remaining inventory, which would then enable the Debtor to formulate and pursue confirmation of a plan of reorganization which would allow the Debtor to restructure its existing debt in a cohesive and efficient manner while continuing to operate its business under the longstanding and well-respected "Kreiss" name.

8. On May 29, 2013, the Court entered an order (the "Store Closing Sale Order") authorizing the Debtor to, among other things, conduct the Store Closing Sale at the Old Store and retain SPCI as the Debtor's exclusive liquidation agent in connection with the Store Closing Sale in accordance with the terms of that certain Consulting and Service Agreement between the Debtor and SPCI (the "Liquidation Agreement"). Pursuant to the Store Closing Sale Order, the Debtor was authorized to conduct the Store Closing Sale through and including August 31, 2013.

9. Due to unforeseen delays caused by, among other things, the Debtor's inability to collect and transport inventory to the Old Store (as discussed in more detail below), the Store Closing Sale did not actually commence until well into the month of June, 2013. However, since that time, the Store Closing Sale has been conducted by the Debtor and SPCI in accordance with the terms of the Store Closing Sale Order.

10. Prior to the Petition Date, the Debtor utilized the services of American West Worldwide Express, Inc. ("American West") to ship and warehouse furniture items from the Debtor's showrooms and for customer orders produced by the Debtor's suppliers. Accordingly,

as of the Petition Date, American West was holding a significant amount of the Debtor's inventory. Immediately following the entry of the Store Closing Sale Order, the Debtor engaged in settlement discussions with American West in an effort to reach a global agreement which would provide for, among other things, the release of the inventory being stored by American West so that the Debtor could sell such inventory during the Store Closing Sale and/or fulfill customer orders. Such discussions were fruitful and resulted in a stipulation (the "American West Stipulation") which resolved the Debtor's dispute with American West concerning American West's pre-petition warehouseman's and storage lien claims for unpaid shipping and storage costs owed by the Debtor to American West, American West's claim for post-petition storage and audit service costs and the release of the Debtor's inventory from the storage facility.

11. The Debtor filed its motion for approval of the American West Stipulation on June 4, 2013. While the motion was pending, American West indicated that it did not feel comfortable fully implementing the terms of the American West Stipulation (including with respect to the release of inventory) until the Court entered an order approving the American West Stipulation. As a result, the Debtor was not able to obtain the release of most of the inventory being held at American West's storage facilities until after June 26, 2013, the date that the Court entered an order approving the American West Stipulation. As a result of this delay, the Debtor was not able to supplement its inventory for sale at the Old Store with the inventory held by American West until the end of June, 2013.

12. The Debtor was also successful in resolving its disputes with Robert J. Gowing, the landlord (the "Landlord") under the Debtor's lease (the "Lease") for the Old Store, in accordance with the terms and conditions set forth in that certain *Settlement Agreement And General Mutual Release* (the "Lease Settlement Agreement") entered into by and among the Debtor, the Landlord, and Thomas J. Kreiss and Robert Kreiss, alleged guarantors of the Debtor's obligations under the Lease for the Old Store. The Lease Settlement Agreement, which resolved the various disputes by and among the Debtor, the Landlord, Thomas Kreiss and Robert Kreiss relating to and/or arising from the Lease, provided for the rejection and termination of the Lease effective as of August 31, 2013 (immediately following the conclusion of the Store Closing Sale).

The Court entered an order approving the Lease Settlement Agreement on June 26, 2013.

13. The entry of the Store Closing Sale Order, together with the entry of Court orders approving the American West Stipulation and the Lease Settlement Agreement with the Landlord, ultimately paved the way for the Debtor to access its inventory and conduct the Store Closing Sale at the Old Store, to cut off the administrative expense associated with maintaining the Lease for the Old Store, to relocate to another, more cost-effective showroom location following the conclusion of the Store Closing Sale, and to potentially formulate and pursue confirmation of a plan of reorganization which will allow the Debtor to restructure its existing debt and continue operating its business.

14. Since the Lease Settlement Agreement required the Debtor to vacate the Old Store on or before August 31, 2013, the Debtor conducted a search for a new showroom to ensure that the Debtor could continue operating its business without disruption. Based on such search, the Debtor was able to find a new showroom located at 8755 Melrose Avenue, Los Angeles, California 90069 (the "New Store"), which consists of 3,800 square feet of retail space.

15. The Debtor is the subtenant of the New Store, with the sublease agreement that operates on a month-to-month basis, and that began on September 1, 2013 (the "Sublease"). The rent payable by the Debtor under the Sublease is $22,000 per month gross, which is approximately one-third of the rent amount payable under the Lease for the Old Store and approximately one-half of the reduced rent amount negotiated and paid by the Debtor pursuant to the Lease Settlement Agreement. On August 6, 2013, the Debtor filed a motion for authority to enter into the Sublease for the New Store. Thereafter, on August 27, 2013, the Court entered an order authorizing the Debtor to enter into the Sublease for the New Store. Thereafter, the Debtor moved into the New Store and is currently located at the New Store. However, due to delays in obtaining new inventory for the New Store, it took more time than the Debtor had anticipated for the New Store to become operational. The New Store became operational in October, 2013 and continues to be operational.

16. As noted above, in the beginning of September, the Debtor moved into the New Store and completed its Store Closing Sale. Since the New Store only became operational in

1  October, 2013, I submit that the Debtor requires additional operating months in order to develop
2  accurate financial projections for its proposed chapter 11 plan.

3      17.    I submit that until the Debtor has had a suitable amount of time to operate its
4  business by selling new inventory out of the New Store (as opposed to liquidating previous
5  inventory through the Store Closing Sale at the Old Store), the Debtor will not be able to create
6  accurate financial projections that will be the basis for the Debtor's proposed chapter 11 plan. I
7  believe that if the Plan Filing Deadline is not extended, the Debtor will incur significant and
8  unnecessary fees and costs in preparing a chapter 11 plan and disclosure statement without the
9  proper financial data that will likely have to be significantly amended once the Debtor develops
10 accurate financial projections based upon the New Store operations in the upcoming months.
11 Accordingly, I believe that cause exists to extend the Plan Filing Deadline as requested herein.

12     I declare under penalty of perjury under the laws of the United States of America that the
13 foregoing is true and correct to the best of my knowledge.

14     Executed this 17th day of September, 2013, in Los Angeles, California.

_____
THOMAS KREISS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE DEADLINE SET BY THE COURT FOR DEBTOR TO FILE PLAN AND DISCLOSURE STATEMENT; DECLARATION OF THOMAS J. KREISS IN SUPPORT THEREOF;** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **_December 17, 2013_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Joseph M Adams on behalf of Interested Party Courtesy NEF
jadams@adamspham.com

Michael Jay Berger on behalf of Interested Party Courtesy NEF
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com

J Scott Bovitz on behalf of Creditor U.S. TelePacific Corp.
bovitz@bovitz-spitzer.com

Martin J Brill on behalf of Debtor Kreiss Enterprises, Inc.
mjb@lnbrb.com

Eric J Fromme on behalf of Creditor Electronic Cash Systems
efromme@rutan.com

Eric J Fromme on behalf of Interested Party Rutan & Tucker, LLP
efromme@rutan.com

Marian Garza on behalf of Creditor BMW Bank of North America, Inc
ecfnotices@ascensioncapitalgroup.com

Ed J Gezel on behalf of Creditor Daimler Trust
Notices@bkservicing.com

Jeffrey Isaacs on behalf of Interested Party Courtesy NEF
jeffrey.isaacs@procopio.com, kristina.terlaga@procopio.com;lenore.joseph@procopio.com;efile-bank@procopio.com;barbara.culp@procopio.com;jamie.altman@procopio.com

Paul T Johnson on behalf of Interested Party Camino Santa Fe Investment, LLC
ptj@paultjohnson.com, admin@ptjlaw.com;desiree@ptjlaw.com

John H Kim on behalf of Creditor Daimler Trust
jkim@cookseylaw.com

Stuart I Koenig on behalf of Creditor Anthem Blue Cross of California/Janet Andrea, Managing Associate General Counsel
Skoenig@cmkllp.com

Mary D Lane on behalf of Interested Party Courtesy NEF
mal@msk.com, mec@msk.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                           **F 9013-3.1.PROOF.SERVICE**

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Susan I Montgomery on behalf of Creditor AJA Rugs, Inc.
susan@simontgomerylaw.com

Juliet Y Oh on behalf of Debtor Kreiss Enterprises, Inc.
jyo@lnbrb.com, jyo@lnbrb.com

Ernie Zachary Park on behalf of Creditor The Irvine Company
ernie.park@bewleylaw.com

Kristen N Pate on behalf of Creditor GGP Limited Partnership
ggpbk@ggp.com

Tina M Pivonka on behalf of Creditor Torrey Pines Property Management, Inc.
tpivonka@mulvaneybarry.com, ihector@mulvaneybarry.com

Timothy J Silverman on behalf of Creditor Financial Services Vehicle Trust
tim@sgsslaw.com

Lindsey L Smith on behalf of Debtor Kreiss Enterprises, Inc.
lls@lnbyb.com

Rahil K Swigart on behalf of Interested Party Courtesy NEF
swigart@higgslaw.com, millerl@higgslaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On *December 17, 2013*, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA U.S MAIL**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *December 17, 2013,* I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA ATTORNEY SERVICE**

The Hon. Neil W. Bason
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1552 / Courtroom 1545
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 17, 2013 | Marla L. Fuentes | */s/ Marla L. Fuentes* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

VIA U.S. MAIL

| | | |
|---|---|---|
| Special Notice:<br>Ascension Capital Group, Inc.<br>Attn: BMW Financial Services NA, LLC Department<br>Account: XXXXX3998<br>P.O. Box 201347<br>Arlington, TX 76006 | Special Notice:<br>Courtney Osborne<br>1388 Sutter St., #503<br>San Francisco, CA 94109 | |

Committee Members:

| | | |
|---|---|---|
| Masatoshi One<br>31018 Marne Drive<br>Rancho Palos Verdes, CA 90275 | Enkeboll, Inc.<br>16506 Avalon Boulevard<br>Carson, CA 90746<br>Attn: Craig Wald, CEO | Elpaseo Enterprises, LLC<br>Attn: Karl M. Swanson<br>101 International Drive<br>Missoula, MT 59808 |
| RC Furniture Inc.<br>Rene and Richard Cazares<br>1111 Jellick Avenue<br>Industry, CA 91748 | David Dicker (Counsel for Creditor)<br>Dicker & Dicker, LLP<br>21550 Oxnard Street, Suite 550<br>Woodland Hills, CA 91367 | Jerome M. Jackson (Counsel for Creditor)<br>880 Apollo Street, #238<br>El Segundo, CA 90245 |
| 7764/7770 Girard Ave., LLC<br>7840 Ivanhoe Avenue<br>La Jolla, CA 92037 | Mulvaney, Barry, Beatty, Linn & Mayers, LLP<br>(Counsel for Creditor)<br>Attn: John A. Mayers<br>401 West A Street 17th Floor<br>San Diego, CA 92101 | |